. NASH v. THE NASHUA IRON & STEEL COMPANY.

A laborer in the employment of a manufacturing corporation, who is injured by the fall of a steel ingot from a mass of such ingots carelessly piled by his fellow-laborers in the same employment, cannot recover of the corporation for the injury when no want of reasonable care on the part of the managing agents of the corporation is shown, either in the piling of the ingots, or in the employment and retention of laborers competent for the work.

Neither the careless piling of the ingots, nor the incompetency of the servants who piled them, was evidence of the corporation's negligence, unless its managing agents knew or ought to have known of the careless piling, or of the servant's incompetency, or did not use reasonable care in the employment of servants competent for the work.

CASE, for injuries from the defendants' negligence. The defendants are a corporation carrying on the business of manufacturing steel and iron. The business is conducted in three departments, of one of which, known as the steel department, where the steel is cast into heavy slabs or ingots, Hibbard had the oversight and management, as foreman, under Swain, superintendent of the whole. The plaintiff was in the employment of the defendants, and worked in the casting-room of the steel department. While he was punching covers from the moulds in which the steel was cast, near a pile of cast-steel ingots, and between it and the casting-pit, about twelve feet in depth, two or three of the ingots, weighing about 1,950 pounds each, fell from the pile, and one of them upon him, crushing his feet and legs. The ingots were piled as they were taken from the casting moulds, one upon another, to the height of six or seven feet, and within three or four feet of the edge of the pit upon the floor of the room, which was of common earth. There was no yielding or caving in of the earth. Underneath the pile was a piece of boiler-plate three feet in length by

two in width, with three or four inches of loose sand upon it. Whether the ingots fell from the pile because they were laid irregularly, or because the pile was upon a foundation of unequal stability by reason of the concealed boiler-plate, was not made certain.

The ingots were taken from the moulds and piled there by a night gang of laborers the night but one before the injury. Another employé was at work with the plaintiff at the time, and escaped injury. The pile which fell was not placed there under the direction of either the superintendent or foreman, nor was either of them aware of any irregularity or instability in the pile. The steel was usually drawn away within a day or two after it was cast and piled up, but at the time of the injury more than usual was piled in the room, there being an accumulation in anticipation of a suspension of the work of casting while putting in a new furnace. But there was no evidence that the accident was in any way caused by a want of room occasioned by the accumulation of piles of steel. There was no evidence of any want of care in the employment of suitable and competent laborers for the work, nor was the attention of the managers ever called to any negligence or incompetency of the plaintiff's fellow-servants in piling the steel, either by observation or complaint.

The motion of the defendants for a verdict, on the ground that these facts undisputed would not support the plaintiff's claim, was denied, and the defendants excepted.

*C. H. Burns* and *C. W. Hoitt*, for the defendants.

*A. F. Stevens* and *G. B. French*, for the plaintiff.

ALLEN, J. The ground of the defendants' motion for a non-suit and a verdict directed by the court was, that there was no competent evidence that the plaintiff's injury resulted from the defendants' want of care.

The accident happened from want of care in piling the steel ingots, or because they were piled upon a piece of boiler-plate, which made the pile of uneven stability. If the ingots fell by reason of irregularity or other want of skill or care in piling them, the carelessness was that of the plaintiff's fellow-servants in the same employment, and for that he cannot recover if reasonable care was used to employ competent servants, and the defendants were not informed of any incompetency and lack of care from which they had opportunity to prevent the mischief by discharging them. *Farwell* v. *Railroad*, 4 Met. 49; *Fifield* v. *Railroad*, 42 N. H. 225, and cases cited. There was no evidence that either the superintendent, or the foreman in charge of the steel department, directed the manner of piling the ingots, or had any notice before the accident of any irregularity or fault in their piling. They

were piled by a night gang of employés, and the details of their work were not under the immediate direction or observation of any officer or agent representing the defendants, and any fault or want of care in the labor could not be imputed to such officer or agent, and was not the fault of the defendants.

If the accident was caused by piling the ingots upon a foundation of uneven stability by reason of the section of boiler-plate there, there was no evidence that the agents representing the defendants knew of any such defect in the foundation of the pile, or were in any fault for not knowing it. Without such notice they had no opportunity to prevent the injury, and could not reasonably be expected to have anticipated the accident, and for its consequences the defendants could not be chargeable. The ground did not break away beneath the pile, and there was no evidence that the ground itself was unstable, or unsuitable for a foundation. If the pile was not perpendicular by reason of one end or side of the lower ingot resting upon the boiler-plate, or if the few inches of loose sand with which the plate had been covered had in some way become displaced, no one but the plaintiff's fellow-workmen who placed the pile there knew it. Who placed the boiler-plate iron there and for what purpose, and how long it had been there, nobody knew, and nobody had complained of any danger from it or from the pile itself. The superintendent had been requested to take away faster the ingots which had accumulated and were rapidly filling the room. But this was not because of the danger of their presence, but of the inconvenience resulting from a crowded room, and it did not appear that a compliance with the request would probably have led to a removal of the particular pile, which had been there only one day, in season to prevent the accident.

It did not appear that the agents of the corporation representing them and managing their business were not reasonably diligent and prudent in the employment of competent servants, or that they had, or by reasonable care ought to have had, any notice of incompetency or carelessness of the plaintiff's fellow-servants from which the accident could have arisen.

It is well established, that, in contracts for service, the servant assumes the apparent risks as well as those generally incident to the employment, and this includes the risk of injury from the negligence of other servants in the same employment, if the master has used reasonable care and diligence in procuring and retaining suitable and competent servants. *Fifield* v. *Railroad, supra,* 240 ; *Farwell* v. *Railroad, supra,* 57 ; *Lawler* v. *Railroad,* 62 Me. 463 ; *Hard* v. *Railroad,* 32 Vt. 473 ; Cool. Torts 541, 542, and cases cited in note.

The case showing no evidence that the injury resulted from any want of care on the part of the superintendent or foreman, whose acts and knowledge might bind the defendants, and so far as evidence of negligence from which the injury arose appears, showing

it was the negligence of the plaintiff's fellow-servants, the defendants cannot be held liable, and their motion for a verdict should have been granted.

*Exceptions sustained.*

STANLEY, J., did not sit: the others concurred.