BANCROFT, *Adm'x*, *v.* BOSTON & MAINE RAILROAD.

A brakeman of three years' continuous service in the same place, with knowledge of the tracks and crossings, their use, and the mode of doing business, must be held to have assumed the risks that were obvious and incident to his employment in the existing condition of things, as the business was conducted and the tracks and crossings located and used.

CASE, for negligently causing the death of Ebenezer Bancroft while in the defendants' employ. Verdict for the plaintiff.

*Henry B. Atherton*, for the plaintiff.

*Charles H. Burns* and *Charles J. Hamblett*, for the defendants.

CLARK, J.   February 4, 1891, Bancroft received injuries which caused his death six days afterward, while riding on a switching engine of the defendants', which came in collision with a baker's cart at the Walnut-street crossing in Nashua.   He was about his ordinary work at the time.   The defendants had no gate or flagman at the crossing, and freight cars were commonly kept standing, and at the time of the accident were standing, on a side track in such position as to hide the engine from the view of persons in the street and approaching the crossing from the west.   This was the negligence complained of.

Bancroft was in the defendants' service as a brakeman and car-coupler, and had been for three years a member of the gang operating the switcher, consisting of an engineer, fireman, conductor, and two other brakemen.   In this employment he had occasion to pass over the Walnut-street crossing ten or twelve times daily, and assisted in putting freight cars on and taking them from the side track nearly every day.   He was a good workman, and kept track of the cars to be handled, and knew just where they stood. The side track was a storage place for freight cars not in use, or waiting to be unloaded, and had been used for that purpose during the time Bancroft had been in the defendants' employ, and there had never been a flagman or gate at the crossing.   There were steps on the front and rear of the switching engine on which the men were in the habit of standing when riding.   They were not required to ride there, but were at liberty to ride in the cab or on the steps, as they chose.   At the time the accident occurred, Bancroft was riding on the step in front of the engine, and received his injuries in the collision with the baker's cart.   The defendants moved for a nonsuit and for a verdict on the ground that Bancroft, with full knowledge of the situation and danger, assumed the risk of riding in front of the engine.

It is apparent that Bancroft was familiar with the location and situation of the crossing, the side track and freight cars upon it, and the extent to which the view was obstructed by them.   During three years of continuous service he had passed over the crossing several times daily, and had been accustomed to assist almost daily in putting cars upon the side track and taking them from it.   It is to be assumed that he knew the situation of the freight cars at the time of the accident, from the fact that it appears that his attention to his work and his observation were such that he could at any time tell the location of the freight cars on the tracks and their distance from the crossing.   There had been no change in the situation at the crossing.   There was nothing to mislead, or to conceal the danger, or to increase the ordinary risk of passing over it.   He knew there was no gate or flagman there to warn travellers.   He knew the extent to which the freight cars on the side track obstructed the view from the highway.   He knew of the exposure to collision with teams and

carriages at the crossing. He knew the place where he was riding, in front of the engine, was dangerous in the event of a collision, and he knew that he was not required to be there, but could ride in the cab or behind it if he chose to do so. He knew as much about the danger as any one could know, and needed no warning or caution to avoid it. The risk to which he was exposed was apparent. It was the ordinary hazard incident to his employment as the business was conducted when he entered the defendants' service, and as it had always since been conducted. The exposure to danger had not been increased by any change in the use of the side track, or by any circumstances unknown to him, and his three years' experience in the service had made him familiar with the risks incident to it.

A servant or employé assumes the obvious risks incident to his employment. In engaging and continuing in the defendants' service for three years, with knowledge of the mode of doing the business, the situation of the side track and crossing, the use of the side track for storing cars, the obstruction to the view of travellers, and the lack of a gate or flagman at the crossing, Bancroft must be held to have assumed the risks that were obvious and incident to his employment in the existing condition of things, as the business was conducted with the tracks and crossing located and used as they were. *Fifield* v. *Railroad*, 42 N. H. 225, 240; *Foss* v. *Baker*, 62 N. H. 247, 251; *Hanley* v. *Railroad*, 62 N. H. 274; *Nash* v. *Nashua Iron & Steel Co.*, 62 N. H. 406, 488; *Coombs* v. *Railroad*, 156 Mass. 200, 202; *Lewis* v. *Railroad*, 153 Mass. 73; *Boyle* v. *Railroad*, 151 Mass. 102; *Lothrop* v. *Railroad*, 150 Mass. 423, 425; *Tuttle* v. *Railway*, 122 U. S. 189, 194.

The question is not whether the hazard and danger of the employment might have been lessened by adopting some other mode of doing the work at the crossing; it is whether the defendants are responsible for injuries due to a risk which Bancroft assumed in his contract of service. The case is as if Bancroft by special agreement had assumed the obvious risks incident to his employment under the condition of things existing. Having done so, his administratrix cannot now say that it might have been less hazardous under different circumstances.

As it is plain that Bancroft's injuries were due to obvious risks connected with his employment which he must be held to have understood and assumed, the action cannot be maintained.

*Judgment for the defendants.*

CARPENTER, J., did not sit: the others concurred.