Coös,
June, 1894.

## CASEY *v.* GRAND TRUNK RAILWAY CO.

A servant assumes the risk of dangers incident to his employment of which he is informed, or which are apparent and obvious.

CASE, for injuries received by the plaintiff while in the defendants' employ. Jury disagreed. The defendants had a coal yard, a part of which was uncovered. During the winter the soft coal stored in this section when wet by rain and melting snow froze, and formed a crust to the depth of a foot or more. The frozen crust at times overhung the coal bank, and would fall down in large masses. A day gang and a night gang worked in the coal yard. The plaintiff was employed in the night gang, and while shoveling coal from the bottom of the bank was struck by a falling mass and injured. The defendants moved for a nonsuit. The motion was denied, and the defendants excepted.

*Twitchell & Libby* and *Ladd & Fletcher*, for the plaintiff.

*Robert N. Chamberlin* and *Alfred R. Evans*, for the defendants.

SMITH, J.   The negligence alleged was that the coal yard where the plaintiff was injured was not covered; that an insufficient number of hands was employed; that the place was not properly lighted; and that the day gang did not break down the crust on the coal bank for the night gang, as was the rule or practice.

The plaintiff had been for eight years in the defendants' service in the same capacity as when injured.   He knew the yard was uncovered, the number of hands in the day and night gangs, the kind of light furnished, the way the crust formed in the coal bank and fell or slid down, and was thoroughly familiar with all the surrounding circumstances.

On these facts, it would seem that the motion for a nonsuit should have been granted.   The plaintiff was fully acquainted with the situation and the danger of his service; and the risk of injury from the falling away of the frozen crust of coal was assumed by him when he entered, or decided to remain in, the service of the defendants.   It was implied in his contract, that he assumed all apparent risks, as well as those ordinarily incident to the service, and that he would bear the special perils which he knew actually to exist in his particular employment. *Fifield* v. *Railroad*, 42 N. H. 225, 240; *Foss* v. *Baker*, 62 N. H. 247; *Hanley* v. *Railway*, 62 N. H. 274; *Nash* v. *Company*, 62 N. H. 406; *State* v. *Railway*, 65 N. H. 663; *Bancroft* v. *Railroad*, 67 N. H. 466.   This principle is so well settled that discussion of the foregoing authorities is unnecessary.

If there can be any doubt that the plaintiff's injury resulted from dangers which he knew to exist in his employment, it arises from the language of the reserved case, that the plaintiff *claimed* the practice or rule was for the day gang to break down the crust on the coal bank, and that he *claimed* he relied on this practice on the night of the accident.   The doubt, however, disappears when the evidence is examined.   The plaintiff had worked at the Gorham yard eight years, four in the day gang and four in the night gang, and was thoroughly familiar with all the surroundings.   He was aware that the yard was uncovered, he could perceive whether it was sufficiently lighted or otherwise, and he was familiar with the number of hands employed.   His testimony shows that he knew the pile of coal was kept shoveled as nearly perpendicular as possible to avoid the necessity of removing snow, saw this to be the condition of the pile on the night of the accident, and was aware of the danger from the crust breaking off when undermined by the shoveling beneath it.   The conclusion is inevitable that, the danger being apparent and known to the plaintiff, the risk was assumed by him.

*Motion for nonsuit granted.*

WALLACE, J., did not sit: the others concurred.