Belknap,  }
Dec., 1894. }

### COLLINS *v.* LACONIA CAR CO.

A servant assumes the risk of all dangers of his employment of which he is informed, or which are apparent and obvious.

A master is under no obligation to warn or instruct a servant as to dangers open to ordinary observation, except in cases of youth, ignorance, inexperience, or want of capacity.

CASE, for injuries to the plaintiff from a defective machine while in the employment of the defendants. Trial by jury.

The machine was about three feet wide, two and three fourths feet deep, and six feet high, and was operated by a belt connecting it with shafting overhead. Attached to the machine were uncovered cog-wheels, the inrunning side being their under edge or rim. The distance from the floor to the center of the gearing was five feet and one inch. The distance from the back side of the machine to the wall of the shop was about eight inches, and from the gearings to the wall of the shop was twenty-nine inches. Attached to the wall behind the machine, and about three feet from the floor, was a shelf and small cupboard, where the men who operated the machine placed some of their small tools, aprons, and other clothing.

The machine was operated by one La Prise and the plaintiff. La Prise's place was on the left. It was his duty to pass rods of iron through a groove on the front side, where they were cut off the required length for bolts, the pieces dropping into a bucket, and sometimes upon the floor. It was the duty of the plaintiff, whose place was on the right, to gather up the pieces and carry them to other parts of the shop as he might be directed. The cog-wheels were upon the right side about as high above the floor as the plaintiff's shoulders, and were in plain view. On the morning of the accident, as soon as the machine was started up, the plaintiff reached for his apron upon the shelf. In withdrawing his arm, his hand in some way was caught in the gearing of the cog-wheels and injured.

The plaintiff was about fifty-two years old, and of average intelligence. At the time of the accident he had worked on the machine nearly a year. No warning as to the danger from the gearing, or instruction as to the precautions which should be taken to avoid it, was given to him by the defendants. He testified that he knew he would get hurt if he got his hand in the gearing, but that he never thought of the danger; that when he took his apron from the bench he was not thinking of it; and that, if he had, he supposed he should not have got hurt. There

was also evidence tending to show that the gearing should have been covered to make it reasonably safe.

The defendants seasonably moved for a nonsuit which was denied, subject to exception.   Verdict for the plaintiff.

*Edwin H. Shannon, Walter S. Peaslee, Cogswell & Blackstone*, and *E. A. & C. B. Hibbard*, for the plaintiff.

*Jewell, Stone, Owen & Martin*, for the defendants.

BLODGETT, J.   The motion for a nonsuit should have been granted.   Familiar principles of universal acception, as well as recent decisions of this court (*Bancroft* v. *Railroad*, 67 N. H. 466; *Henderson* v. *Williams*, 66 N. H. 405; *Nash* v. *Company*, 62 N. H. 406, 408), forbid any other conclusion.

The plaintiff's grounds of complaint are solely (1) that the gearing was not reasonably and safely protected, and (2) that the defendants gave him no warning or instruction as to the resulting danger.   No recovery can be had upon either of these grounds.

The fact that the gearing was not covered is not of controlling importance.   The danger from it was as apparent to the plaintiff as to the defendants; and there was no emergency requiring him to expose himself to the danger.   It was obviously one of the "seen dangers" of which the servant assumes the risk by entering upon the employment, even though reasonable precautions have been neglected by the employer.   As to all defects and dangers which are open to the observation and within the knowledge and comprehension of master and servant alike, both stand upon common ground, and no recovery can be had for a resulting injury to the latter when he is of sufficient intelligence and knowledge to comprehend the risks incident to the service, which is presumed in the case of an adult person, in the absence of evidence showing the contrary.   In such a case, an injury to the servant is within the scope of the danger which both the contracting parties contemplated as incidental to the service, and the master cannot be held liable for the injury.   Much less can he be held liable when, as in the present case, it affirmatively appears not only that the danger of which the servant complains was open to common observation and within common comprehension, and that he was of sufficient intelligence and knowledge to comprehend it, but that he actually did know and comprehend it.   In brief, the plaintiff stands no better than he would have stood if, by special agreement with the defendants, he had assumed the risk of the gearing.

Of still less importance is the fact that no warning or instruction as to the danger from the gearing was given to the plaintiff

by the defendants. None was necessary. It would have been a useless formality merely. The most that could have been said to him was, that he must keep away from the gearing when the machine was in operation or he would get hurt. But this would have given him no knowledge he did not already possess. The danger of getting caught in the gearing was perfectly obvious to him, and he therefore knowingly and voluntarily assumed it as one of the ordinary risks of his employment. The duty resting on the master to instruct or warn the servant of all latent and hidden defects or hazards incident to the employment, of which the master knows or ought to know, does not extend to dangers open to ordinary observation, except in cases of youth, inexperience, ignorance, or want of capacity of the servant, and cannot be invoked as to patent defects or dangers by a servant of mature capacity and knowledge. As to such defects or dangers as are obvious to the senses, he is bound to take notice, and when, as in the case of this plaintiff, he admits he knew of the danger and comprehended it, it would be as absurd as it manifestly would be unjust to permit a recovery on the ground that his employers did not warn him of that danger.

In view of these conclusions, the other exceptions taken at the trial need not be considered.

*Judgment for the defendants.*

SMITH, J., did not sit; DOE, C. J., did not concur: the others concurred.