Hillsborough, )
June, 1896. }

## NOURIE v. THEOBALD.

A master is not liable to his servant for injuries resulting from dangers incident to the service and discoverable by the exercise of due care.

Whether taking down a building is a dangerous operation requiring skill and judgment, is not a question for an expert.

CASE, to recover damages for personal injuries resulting from negligence. Upon a trial by jury a nonsuit was ordered, subject to the plaintiff's exception. The plaintiff, a common laborer, was employed by the defendant, a contractor for moving and taking down buildings and putting in foundations, to do whatever he was directed to do for the time being. Having contracted to take down some wooden buildings, the defendant set the plaintiff and other employees at work upon them. The plaintiff had never done such work before. The defendant was not present at the time the plaintiff received his injury, but the work was under the direction of an employee named Masse, who was also inexperienced in that kind of work. They had taken down one building and the portion of a second above its first story, and had removed the boarding from that story, leaving the beams and floor timbers in position supported by one or two studs on each of the north and south sides, four or five on the east side, and all there had ever been on the west side,— all exposed to view. The building was twenty-five to thirty feet by thirty to thirty-five feet. An attempt was made to pull the timbers down with a pair of horses, but it failed because the timbers were held in position so firmly. Masse then directed the plaintiff to go to the southeast corner and assist in weakening the structure, without specifying how it was to be done. The plaintiff, acting under this direction, knocked out a stud at or near the corner, whereupon the east end of the frame fell, and one of the timbers struck and injured him.

Testimony that it was dangerous and required skill and judgment to take down such a building was excluded, subject to the plaintiff's exception.

*Burnham, Brown & Warren*, for the plaintiff.

*Albin, Martin & Howe*, for the defendant.

CHASE, J. The plaintiff's purpose in removing the stud was to weaken the structure. He intended his act should contribute, at least, to cause the timbers to fall. It was the result of

the exercise of his own judgment with a full knowledge of the facts. He must have known that it was liable to fully accomplish the object in view. The risk of injury from falling timbers was incident to his service, and must have been known to him if he exercised due care. It was assumed by him in entering upon the service. *Fifield* v. *Railroad*, 42 N. H. 225; *Nash* v. *Company*, 62 N. H. 406; *Henderson* v. *Williams*, 66 N. H. 405.

The testimony excluded related to a matter of common knowledge as to which the jury could judge as well as any one upon being informed of the situation.

*Exceptions overruled.*

WALLACE, J., did not sit: the others concurred.