Hillsborough, }
   Dec., 1900. }

## EDWARDS *v.* TILTON MILLS.

The duty of a master to furnish his servants a safe and suitable place in which to labor extends to such portions of the premises as he knows, or ought to know, they are accustomed to use in the performance of the work for which they are employed.

In an action against an employer, evidence that a servant while in the performance of his work was injured by a dangerous obstruction in a passageway commonly used by employees, with the master's assent, warrants a submission to the jury of the question of the defendant's breach of duty.

A servant assumes the risk of such dangers only as are incident to his occupation, or which, if due to the peculiar methods of the master, are known to him, or are discoverable by the exercise of reasonable care.

CASE, for negligence. Trial by jury and verdict for the plaintiff. In 1898 the plaintiff was a weaver in the employ of the defendants. In the performance of his work he had occasion to go through a passageway between two machines in the mill in which he was employed, which passage, with the defendants' assent, had for a long time been used by their servants for the purpose which the plaintiff attempted to make of it. An iron shipper rod projected from one of the machines into the passage. The plaintiff struck his leg against the rod and was injured. He had never used the passage before, but he had seen it used by operatives and overseers. The light in the space was obstructed. The machines were dark green, the shipper rod was dark, and the floor between the machines was dark brown in color, all of which tended to make the place where the shipper projected dark. The plaintiff looked between the machines to see if there were any obstructions, but saw none. By reason of the darkness the rod

could not be seen, and the plaintiff did not know of the obstruction.

The defendants' motions for a nonsuit and that a verdict be directed for them were denied, subject to exception.

*Martin & Howe* and *Taggart & Bingham*, for the plaintiff.

*Jewell, Owen & Veazey*, for the defendants.

PARSONS, J. The master's duty to furnish the servant a safe place in which to work extends to such portions of the premises as the master knows, or ought to know, his servants are accustomed to use in the performance of the work for which they are employed. *Morrison* v. *Fibre Co., ante, p.* 406; *McGill* v. *Granite Co., ante, p.* 125. The evidence that the plaintiff while in the performance of his work was injured by a dangerous obstruction in the passageway which the defendants' employees, with the defendants' assent, had for a long time used for the purpose for which the plaintiff was then using it, entitled the plaintiff to go to the jury upon the question whether the defendants had performed their master's duty to him. The motions for a nonsuit and to direct a verdict for the defendants were placed upon the ground that it conclusively appeared that the plaintiff had assumed the risk. The servant assumes the risk of such dangers only as are incident to his occupation, or which, if due to the peculiar methods of the master, are known to him, or of which by reasonable care he could have learned. *Casey* v. *Railway,* 68 N. H. 162; *Collins* v. *Car Co.,* 68 N. H. 196; *Nourie* v. *Theobald,* 68 N. H. 564; *Burnham* v. *Railroad,* 68 N. H. 567, 568.

There was evidence the plaintiff did not know of the obstruction. The evidence as to the amount of light in the passageway, the situation and color of the obstructing rod and surrounding objects, and that the plaintiff had never used the passageway before, but had seen it in use by others, was proper for the consideration of the jury, with the other facts in the case, upon the question whether due care would have disclosed the obstruction in the passage to the plaintiff. Whether because of the darkness he should have used more care than the case discloses he did use, to ascertain whether an obstruction of this nature existed in a passage used by the other employees with the assent of the defendants, was a question of fact for the jury.

The position taken by the defendants in their brief, that the passage was light and not dark, and that the defendants did not assent to the use made of the space for a passageway, are questions of fact which are not open here. The reserved case states

that there was evidence tending to prove the opposite of the defendants' contentions on each point. The facts upon which questions of law are based are settled at the trial term. *Gamsby* v. *Columbia*, 58 N. H. 60. The case as presented to us discloses evidence competent for the consideration of the jury upon the questions of the defendants' negligence and the plaintiff's care; and was properly submitted to the jury under instructions to which no exception was taken, and which must be assumed to have correctly and fully stated the rights and liabilities of the parties upon the various claims as to the evidence.

*Exceptions overruled : judgment for the plaintiff.*

PIKE, J., did not sit: the others concurred.