Grafton,  }
Oct. 8, 1903. }

SLACK v. CARTER &amp; a.

In an action for negligence against an employer, certain evidence deemed sufficient to warrant a submission of the question whether the danger to which the plaintiff was exposed was known and appreciated by him, and was voluntarily assumed as a risk incident to the service.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the November term, 1902, of the superior court by *Pike*, J. The negligence complained of was (1) that certain bevel gears attached to a spinning-jack upon which the plaintiff was at work were not covered; (2) that the place provided for the plaintiff's work was not reasonably safe; and (3) that the plaintiff was not sufficiently instructed as to the dangers incident to his employment. There was evidence tending to sustain each of these charges. The jury had a view, and saw the machinery at rest and in motion.

The plaintiff was seventeen years old and of average intelligence, and at the time of his injury had been employed by the defendants for about nine months, working as a spare hand in their spinning and carding room. He was not classed as a spinner or paid as such. His duties required him to act as helper, and in so doing to assist in running the spinning-jacks. The jacks consisted in part of an iron carriage eighteen inches high and fifty feet long, which moved upon a railway laid upon the floor and was propelled by power from an overhead shaft. On the back side of each jack frame and about thirty inches from the floor was a set of bevel gears, each about two and a half inches in diameter. There were four jacks in the room, and, excepting the machine upon which the plaintiff was at work at the time of his injury, the bevel gears upon all were covered with a metallic casing.

Among other things, the plaintiff was required to mend broken threads. This was generally done while the machine was in motion, the operator walking upon the front side of the moving jack. Whenever a thread broke and fell upon the back side of the machine, it was necessary that the jack be stopped, or that the operator go to the back side of the machine and mend the thread while the jack was in motion. Just before his injury the plaintiff had occasion to mend a thread which had fallen upon the back side of the machine, near the bevel gears. He passed around one end of the jack and reached over the carriage to perform his work; and while he was so engaged, his clothing was caught in the unprotected gears, and he received the injuries complained of.

The plaintiff received no instructions as to the performance of his duties, except that he was shown how to mend broken threads, nor was he warned as to the dangers incident to the employment. He had been behind all of the jacks to mend threads. He testified that he had seen "all of the workmen more or less" go to the back side of the machines and mend threads in safety, that the defendants suffered them to do so, and that he knew of no reason why he should not step back of the machine in the way he did at the time of his injury.

At the close of the plaintiff's case, and again at the close of all the evidence, the defendants moved for a nonsuit, on the ground that it conclusively appeared that the risk was an apparent one. The motions were denied, and the defendants excepted.

*William H. Cotton* and *Marshall D. Cobleigh*, for the plaintiff.

*Charles A. Dole* and *Morris & Hibbard*, for the defendants.

REMICK, J. The evidence tended to show that the defendants neglected to provide the plaintiff a reasonably safe place and reasonably safe appliances. The only question raised by the record is whether it so clearly appears that the risk of the unsafe place and appliances negligently provided by the defendants was, or ought to have been, known and appreciated by the plaintiff, and that he voluntarily assumed it, that reasonable men could not have found to the contrary.

While there may be cases where the defect and danger are so palpable and the circumstances are of such character as to render unreasonable any conclusion other than that the risk was known, appreciated, and voluntarily assumed ( *Collins* v. *Car Co.*, 68 N. H. 196), in the present case, in view of the age of the plaintiff, the complexity of the machinery, the confusion of the work, the failure of the defendants to instruct the plaintiff as to the dangers, the assurance of safety involved in the defendants' sufferance of their other servants to act as the plaintiff did under his observation, the presumption in behalf of the plaintiff that the master had performed his duty, the fact that the gears upon all the other machines with which the plaintiff had to do were covered ( *Burnham* v. *Railroad*, 68 N. H. 567, 570), the inferences possible to be drawn from the appearance of the place and of the machinery at rest and in motion, and finally, the plaintiff's own statement that he did not know of any reason why he should not step back of the machine in the particular way he did when injured, we cannot say as a matter of law that the superior court erred in overruling the defendants' motion for nonsuit and sub-

mitting the question of assumed risk to the jury. *Demars* v. *Company*, 67 N. H. 404; *Lintott* v. *Company*, 69 N. H. 628, 632; *Whitcher* v. *Railroad*, 70 N. H. 242; *Bennett* v. *Warren*, 70 N. H. 564; *Edwards* v. *Tilton Mills*, 70 N. H. 574; *Sanders* v. *Company*, 70 N. H. 624; *Thompson* v. *Bartlett*, 71 N. H. 174; *Stone* v. *Boscawen Mills*, 71 N. H. 288; *Lapelle* v. *Company*, 71 N. H. 346, 349.

*Exception overruled.*

All concurred.