Merrimack, }
Dec. 3, 1907. }

### BENNETT *v.* CONCORD WOODWORKING CO.

A master who suffers his premises to remain in a condition which he knows to be dangerous is liable for injuries resulting therefrom to a servant who has not been notified of the danger and is justifiably ignorant of its existence.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the October term, 1906, of the superior court by *Wallace*, C. J., on the defendants' exceptions to the denial of motions for a nonsuit and the direction of a verdict in their favor.

While the plaintiff was working at a bench saw in the defendants' factory, a piece of wood called a core dropped through a hole in the floor of the room above the one in which he worked, fell upon a moving pulley, and was projected by the pulley against his eye, causing the injury complained of.

*Martin & Howe*, for the plaintiff.

*Burnham, Brown, Jones & Warren*, for the defendants.

YOUNG, J. It is the master's duty to use ordinary care to notify his servants of all the dangers peculiar to his premises, of which

he has knowledge and they are ignorant; and they assume the risk of those which they know are incident to the condition of the premises. 1 Labatt M. & S., *ss.* 54–66. The test, therefore, to determine whether the master is responsible for an injury caused by the condition of his premises is to inquire (1) whether the servants appreciated the risk incident to that condition; (2) if they did not, whether he appreciated it; (3) if he did appreciate the condition, whether it was abnormal,—that is, such a condition as a man of average prudence would not suffer to exist; and (4) if the condition was abnormal, whether he used ordinary care to notify his servants of the dangers incident thereto. Wood M. & S., *ss.* 414, 415. Ignorance without fault on the part of the servants and knowledge—or its equivalent, culpable ignorance—on the part of the master (*Nashua etc. Co.* v. *Railroad*, 62 N. H. 159, 163) must both be shown before it can be found that the master is in fault for the condition of his instrumentalities.

The condition of the defendants' premises of which the plaintiff complains is that there was nothing to prevent cores from rolling into the hole in the floor, that the machine which made them was so close to the hole that cores were liable to roll into it, and that the hole was so located with reference to the machinery in the room below that cores rolling into it were liable to fall on a pulley and be projected toward the saw at which the plaintiff worked. The defendants admit that it can be found from the evidence that this was an abnormal condition and that they failed to notify the plaintiff of the dangers incident thereto, but they contend that the evidence does not warrant a finding either that they did, or that the plaintiff did not, appreciate the risk. Since the plaintiff must establish both of these propositions in order to charge the defendants with responsibility for his injury, he cannot recover unless it can be found from all the evidence (1) that he was not and (2) that they were at fault in not appreciating that risk.

1. The evidence shows that when the plaintiff was at work at the saw he could see the hole in the floor, but was unable to observe whether it was so located that cores would be likely to roll into it, or whether there was anything to prevent such an occurrence. He testified that he did not know where the cores were made, or that the hole was unguarded, or that any cores had ever rolled into or fallen through the hole. Although he also testified that during the three months he worked for the defendants he had occasionally been in the room where the cores were made, and had frequently seen them on the floor of the room in which he worked, it can be found that he did not know of the physical

conditions which caused his injury, much less appreciate the risk incident to those conditions; for it cannot be said as matter of law that he knew the hole was unguarded from the mere fact that he had been in the room where it was, nor that he knew where the cores were made from the fact that he had visited the room where such work was done and had seen them about the floor of the room in which he was employed. The question is not whether that evidence would justify a finding that the plaintiff knew the hole was unguarded and that cores were liable to roll into it, but whether that is the only conclusion that can be drawn from all the evidence, including his own testimony.

2. The defendants admit that they knew of the physical conditions which produced the plaintiff's injury and that cores occasionally rolled into the hole in the floor, so this issue is narrowed down to the question whether it can reasonably be found that they ought to have anticipated that a core would be projected against the plaintiff by the pulley. The evidence relevant to that issue shows that one Fauchier had been struck a violent blow by a core while at work just back of the spot where the plaintiff stood at the time of his injury. The violence of the blow tends to prove that the core was projected against Fauchier in some way. The cores are round pieces of wood, about an inch thick and from an inch and a half to two inches in diameter; and it is obvious that if a piece of wood of that size were merely dropped on a man's head from the floor above it would not deal him a violent blow, even if the distance were fourteen feet, as in this case.

It could reasonably be found that the core which struck Fauchier was projected against him in some way; and since there was no evidence to show that it could have been projected in any other way, it can be found that it was thrown by the moving pulley, as obviously might have been the case. The jury might find, therefore, that if the defendants did not know that the core which injured Fauchier was projected from a moving pulley, they were at fault; and if that fact were found, the conclusion would be warranted that the defendants should have anticipated a similar injury to the plaintiff unless they took some precautions to prevent cores from rolling into the hole in the floor.

*Exceptions overruled.*

All concurred.