Belknap,
April 5, 1910.

## MANLEY v. LACONIA STREET RAILWAY.

A servant cannot recover for injuries received in the master's service, if he knew the risk he voluntarily incurred, or as a reasonable man ought to have known and appreciated it.

It is no part of a master's duty to warn an intelligent and experienced servant not to be careless in the presence of known danger, or not to unnecessarily incur the risk of injury from the operation of known physical forces.

CASE, for personal injuries. At the close of the plaintiff's evidence the defendants' motion for a nonsuit was granted, and the plaintiff excepted. Transferred from the November term, 1909, of the superior court by *Chamberlin,* J.

At the time of the injury complained of, the plaintiff was an experienced motorman in the employ of the defendants. He was injured by being jammed between a moving car and the side of the car-barn while attempting to run the car out. The track makes a sharp curve to the right on leaving the barn and causes the rear end of the car to swing toward a partition. The distance between the partition and the side of a car standing on the straight track in the barn is about two and a half feet. The plaintiff testified, in substance, that the car which injured him was about six feet longer than the other cars and somewhat wider. He had operated the car several times and knew it was a long car. He had observed that the short cars, in coming out of the barn, made the space between them and the partition dangerous for a man to stand in, for a distance of three feet from the jamb of the door; but he had not noticed how much farther into the barn it was dangerous to stand when a long car was being run out. He supposed that a man could stand with safety at a point ten or twelve feet inside the door, but he had made no examination to determine the fact. On the morning of the accident he was attempting to get the car out, with the assistance of another man who acted as motorman. The car was standing just inside the door. The plaintiff walked in between the car and the partition for the purpose of grasping the trolley-cord and keeping the trolley on the wire. When he had reached a point about ten feet from the door, he ordered the motorman to start the car; and as the car moved out, the rear end caught the plaintiff and jammed him against the partition, thus causing the injuries for which he seeks to recover.

*John M. Stark* and *Martin & Howe* (*Mr. Howe* orally), for the plaintiff.

*Owen & Veazey* and *Frank M. Beckford* (*Mr. Owen* and *Mr. Beckford* orally), for the defendants.

WALKER, J. It is conceded that if the plaintiff knew, or, as a reasonable man, under the circumstances ought to have known and appreciated, the risk he voluntarily incurred, he cannot recover for his resulting injuries, and that the nonsuit was properly ordered. *Bennett* v. *Company*, 74 N. H. 400, 401. If from the evidence adduced by the plaintiff reasonable men sitting as jurors in the trial of the case must reach the conclusion that he had such knowledge, or that his ignorance of the danger was inexcusable in a man of his intelligence and experience, the holding must be that he assumed the risk, or that his injury was not the legal result of any breach of duty owed him by the defendant. *Deschene* v. *Company, ante,* 363.

It appears that the plaintiff, an experienced motorman, knew that the rear of a car coming out of the car-barn would swing toward the partition, and that for some distance it would be so near the partition as to strike a man standing in the intervening space. With a short car this dangerous space extended about three feet from the jamb of the door. But he testified that he supposed the long car which injured him in coming out would not create a dangerous situation twelve feet from the door, where it did in fact strike him. He had never observed where with this car the point of danger commenced, though he knew such a car would begin to swing toward the partition further in than a shorter car; that is, if with a short car the space of danger extended in for three feet, as he testified, he knew that this long car in coming out would make the dangerous space extend further in. He did not know how much further in it would be, and he did not try to ascertain, but he testified that he guessed or supposed he was in a safe place. His supposition proved to be wrong. Knowing and appreciating the peculiar danger he was liable to encounter at some point between the moving car and the partition, he ordered the car to be started before he was in fact out of danger, upon the mere assumption that it would not interfere with him. He was apparently willing to take the chance of being injured. He saw fit to act upon his own judgment supported by no accurate information, at a time when the necessities of his work did not require extraordinary expedition and when his duties did not prevent his taking a place of absolute safety. It would have required but an instant of time for him to step to the rear of the car where the trolley-rope was; and in that position he would have been in a place of safety where he could easily perform the work he was attempting to do. That he was careless with reference to his own safety at the time of his injury, though having

the means of ascertaining the danger of his position from a moving car, cannot admit of serious doubt; reasonable men could not find otherwise. Slight regard to the situation he was in would have disclosed to him his danger and suggested to him a safe course to pursue.

It is no part of the master's duty to warn an intelligent and experienced servant not to be careless in the presence of known dangers or not to unnecessarily incur the risk of injury from the operation of known physical forces. *Collins* v. *Car Co.*, 68 N. H. 196; *St. Jean* v. *Tolles*, 72 N. H, 587; *Hicks* v. *Paper Co.*, 74 N. H. 154; *Roy* v. *Hodge*, 74 N. H. 190; *Hamel* v. *Company*, 74 N. H. 378; *Cronin* v. *Company*, ante, 319; 1 Labatt M. & S., s. 274, *et seq.* The plaintiff saw fit to create a situation of danger to himself which ordinary prudence under the circumstances would have enabled him to avoid. The nonsuit was properly granted.

*Exception overruled.*

All concurred.