Rockingham, }
June 1, 1920. }

## MICHAEL CASSIDY *v.* ATLANTIC CORPORATION.

In an action at common law for personal injuries by an employee against his
employer who has accepted the provisions of Laws 1911, *c.* 163, the plaintiff is
subject to the defence of the assumption of the risk.

Certain evidence warranted the submission of the question to the jury whether
an inexperienced employee, injured by the fall of a steel plate from a hoisting
crane, was properly instructed as to the danger of the fall of the plate by its
slipping therefrom and whether he assumed the risk.

ACTION, at common law, for negligence causing personal injuries.
Trial by jury and verdict for the plaintiff.

The plaintiff was employed July 1, 1918, to work at night in the
defendants' shipyard at Portsmouth. On the night he was injured he
was working with a crew that were taking steel plates from a freight
car with a steam crane, and putting them in a plate-rack near the
track. He was a ground-man, and it was his duty, as the plates
were swung off the car and around to the plate-rack, to assist in
guiding them with a pole, so that they would be properly deposited in
the plate-rack. There was a clamp attached to a cable which was
suspended from the end of the boom of the steam crane. When a
plate was to be removed from a car to the plate-rack, the jaws of
the clamp were opened, and the plate inserted between them. As the
crane pulled up the cable, the jaws were drawn together, gripping the
plate; and it was then taken up, and swung around to the plate-rack.
When the accident occurred on the night of July 14, 1918, the crew
were taking from a car a plate thirty feet long, four feet wide and
half an inch thick. As the boom swung the plate from the car into
the air towards the plate-rack, the plate slipped from the clamp, fell
to the ground, and struck the plaintiff.

At the close of the plaintiff's evidence the defendants made a motion
for a nonsuit, and at the conclusion of all the evidence they moved
for a directed verdict. Both motions were denied, and the defendants
excepted. Other exceptions were taken by the defendants, but they
were not relied upon in brief or argument. Other evidence relevant
to the exceptions appears in the opinion.

Transferred from the May term, 1919, of the superior court, by
*Allen,* J.

*Sleeper & Brown* (*Mr. Sleeper* orally), for the plaintiff.

*Hughes · & Doe* and *Albert·R. Hatch (Mr. Doe* orally), for the defendants.

PLUMMER, J. One of the positions upon which the plaintiff relies to establish the defendants' liability for his injury is that he should have received instructions when he entered their employ relative to the dangers incident to his employment.

The evidence justifies the conclusion that no instructions were given the plaintiff pertaining to the dangers of his work, and that he had no knowledge or experience as to them.

The plaintiff's principal work was to assist in moving steel plates from one place to another with a steam crane. As these plates were taken up by the crane they frequently slipped from the clamp and fell. It could be found that such work was dangerous, and that a man engaging in work of that character without experience or knowledge of its perils should have been carefully instructed relative thereto. *Kasjeta* v. *Company,* 73 N. H. 22; *Miller* v. *Railroad,* 73 N. H. 330; *Disalets* v. *Company,* 74 N. H. 440; *Vigneault* v. *Company,* 76 N. H. 196; *Marston* v. *Portsmouth,* 78 N. H. 223.

The defendants contend that any instructions they were able to give the plaintiff would have been futile in preventing the accident, because it is impossible to tell how a falling plate will topple over after striking the ground. This contention cannot be sustained. It can be found from the evidence that the defendants knew or in the exercise of due care ought to have known that the plaintiff might be in danger even though he was not standing under the plates as they were being swung around by the steam crane, and that they should have instructed him to keep at a safe distance beyond the circle circumscribed by the plates as they were swung around into the plate-racks. The evidence tended to prove that at the time of the accident the plaintiff was not standing under the plate, but when it fell, one corner struck the ground, and the plate then swung around towards the plaintiff, toppled over and struck him; that the plaintiff was within the path of the plate in its journey from the car to the plate-rack, and if he had not been, he would not have been hit. Consequently it could be found that, if the plaintiff had been properly instructed to keep beyond the zone of danger created by the swinging boom, the accident would not have occurred.

The defendants have accepted the provisions of the employers' liability and workmen's compensation act. Laws 1911, *c.* 163. Therefore, as the plaintiff has elected to bring a common-law action

instead of seeking compensation under the act, he is subjected to all the common law defences except the burden of proving his freedom from contributory negligence, which has been placed upon the defendants. Laws 1915, *c.* 148. A defence open to the defendants in this action, is that of assumption of risk. The defendants seek to avail themselves of this defence, and assert that they are not liable because the accident was caused by a danger incident to the plaintiff's employment, and that he assumed the risk of it. The plaintiff assumed the risk of the dangers of his employment which he knew of and appreciated, or which would have been disclosed to him by the exercise of due care. *Henderson* v. *Williams*, 66 N. H. 405, 413; *Allen* v. *Railroad*, 69 N. H. 271; *Edwards* v. *Tilton Mills*, 70 N. H. 574; *Miller* v. *Railroad, supra; Manley* v. *Railway*, 75 N. H. 465; *Kindellan* v. *Railway*, 76 N. H. 54. It could be found that the plaintiff did not know and appreciate the dangerous situation that he was in at the time he was injured, for the conclusion is warranted from the evidence that he was standing at some distance from under the steel plate, and in a position which he considered and understood was a place of safety. It can also be found that he was not at fault because of the lack of such knowledge and appreciation. The evidence tended to prove that when the plaintiff entered the defendants' employment he had no knowledge or experience concerning the work he was there called upon to perform, and that he received no instructions respecting it; that he had worked two weeks about the shipyard before the accident occurred, principally assisting in moving steel plates, but that he had assisted in removing steel plates from a car to a plate-rack with a steam crane for not more than five nights; that he had seen plates that hit the car or the boom as they were being drawn up by the crane fall back into the car, but, before the accident, he had never seen a plate slip and fall from the crane after it had been swung clear of the car, and was hanging in the air, as the plate was hanging that fell and struck him; that he had seen only one plate fall to the ground, and that came down beside the car, and fell flat upon the ground; that the plate which struck him fell as it was swung into the air clear of the car; that he was then standing twenty-five feet from the track, where ground-men engaged in that work were accustomed to stand, and at a place where the plate would not have hit him if it had fallen flat upon the ground. The evidence does not conclusively establish that the plaintiff knew and realized his dangerous situation, or that his experience and observation had been of such a character as to compel the conclusion that he should have apprehended that a falling plate

after striking the ground might swerve and hit him, if he were within its path, even though he were standing well from under it at a place where his fellow employees were accustomed to stand.

The question whether the plaintiff assumed the risk was properly submitted to the jury, unless the evidence in favor of the defendants upon that issue is so definite and certain that reasonable men must unanimously decide it adversely to the plaintiff. *Minot* v. *Railroad,* 74 N. H. 230. If there is a reasonable opportunity upon this issue for a difference of opinion among ordinary men, then it is the judgment of the jury, and not of the court, that should be invoked. Considering the plaintiff's experience and knowledge, and the circumstances under which the accident occurred, it cannot be said that all reasonable and fair-minded men must agree that the plaintiff knew and appreciated or ought to have known and appreciated that he was in danger, at the place where he stood, of being struck by a falling plate. It cannot be held as a matter of law that the court was in error in submitting the question of assumed risk to the jury. *Demars* v. *Company,* 67 N. H. 404; *Lintott* v. *Company,* 69 N. H. 628; *Whitcher* v. *Railroad,* 70 N. H. 242; *Lapelle* v. *Company,* 71 N. H. 346, 349; *Slack* v. *Carter,* 72 N. H. 267; *Goodale* v. *York,* 74 N. H. 454; *Lane* v. *Manchester Mills,* 75 N. H. 102; *Cooley* v. *Company,* 75 N. H. 529.

*Exceptions overruled.*

PEASLEE, J., was absent: the others concurred.