Hillsborough,
Dec. 6, 1921.

### JOSEPH C. BERGERON v. FELLOWS & SON COMPANY.

If an employer has accepted the provisions of Laws 1911, c. 163, the employee assumes the risk of all dangers, incident to the service, of which he either knew or would have known if he had exercised ordinary care.

CASE, for negligence. Trial by jury and verdict for the plaintiff. The plaintiff was injured by a splinter which came from the saw on which he worked striking him in the eye. Transferred by *Branch*, J., from the September term, 1920, of the superior court on the defendants' exception to the denial of their motion for a directed verdict. The evidence relevant to the motion is stated in the opinion.

*Cyprien J. Belanger* and *Doyle & Doyle*, for the plaintiff.

*Taggart, Tuttle, Wyman & Starr*, for the defendants.

YOUNG, J. The plaintiff testified that when he examined the machine on which he worked immediately after the accident, he found that the guard back of the saw was twisted; but that fact does not help him, for it cannot be found either that the defendants were in fault for the condition it was in, or that its condition contributed in any way to cause his injury.

The plaintiff also testified that he found the blower-box was full of waste. The blower-box is a V-shaped box which encloses the lower half of the saw. The waste the saw makes falls into this box and the fan carries it away. The only evidence tending to prove that the failure of the fan to keep the box free of waste caused the plaintiff's injury, is his testimony that the splinter came from the "blower system." Just what is intended by that statement is not clear, but it is assumed that by it is intended that the accident would not have happened but for the failure of the fan to remove the waste from the blower-box.

The plaintiff testified that he saw the splinter leave the saw — not the blower-box; consequently, when he said the splinter came from the "blower system" he was not stating what he knew, but giving his opinion as to where the splinter came from. In other words, he was testifying as an expert, but as he never knew of another instance

of the failure of a fan to keep the blower-box free from waste, his opinion as to where the splinter came from will not sustain the verdict, for all the evidence in the case is to the effect that the failure of a fan to remove the waste has no effect on the saw until the waste comes in contact with it; and that when that happens, the saw throws the waste out of the way. As the part of the saw which was in the blower-box was turning away from the plaintiff it is, to say the least, as probable that when the waste came in contact with the saw, it threw the waste away from, as that it threw it toward, the plaintiff. If, however, it is assumed that the accident would not have happened if the fan had kept the blower-box free from waste, it does not help the plaintiff, for there is no evidence from which it can be found that the defendants were in fault for the failure of the fan. All that appears is that the snow on the roof of the mill melted and that the water came through the roof and dropped on the belt which drove the fan and caused it to slip.

There is no evidence as to how long that condition had existed, or as to whether it should have been anticipated and guarded against. In fact there is nothing to show that the defendants were in any way in fault for the failure of the fan. The question, therefore, whether the fact the blower failed to work will sustain the verdict, resolves itself into the question whether the defendants ought to have told the plaintiff that might happen, for since the defendants had accepted the provisions of Laws 1911, c. 163, the plaintiff must be held to have assumed the risk of all the dangers of the employment of which he either knew, or would have known, if he had used ordinary care for his own safety. *Cassidy* v. *Company*, 79 N. H. 427. In other words, although it is the duty of an employer to notify inexperienced employees of all the dangers of the employment of which he either knows or would have known if he had used ordinary care for their safety, the only duty an employer, who has accepted the provisions of c. 163, owes experienced employees, is to notify them of the unusual or extraordinary dangers of the service. As all the evidence in this case tends to prove that the failure of a blower is one of the ordinary risks of the employment, it cannot be found that the defendants were in fault for not notifying the plaintiff of it.

What is true in respect to the defendants' failure to notify the plaintiff that the fan might fail to remove the waste from the blower-box, is also true of their failure to notify him that if anything came in contact with the upper half of the saw he might be injured, for he had had fifteen years' experience as a sawyer, and the evidence all

tends to prove that the risk of being injured in that way is one of the ordinary risks of the employment.

*Exception sustained.*

All concurred.