Merrimack, }
Feb. 7, 1922. }

OTIS J. SMITH, *Adm'r,* v. MASON-PERKINS PAPER Co. & a.

In an action at common law by a servant against his master for injuries received in the work, the burden of proving non-assumption of the risk is upon the employee.

CASE, to recover for the death of the plaintiff's intestate. Trial by jury.

The defendants sent the intestate, a boy of nineteen, with another employee named Tenney to clear the stream of wood which lodged on stones and snags as it was being floated to their mill. The intestate went up one side and Tenney the other side of the river as far as there was any wood and then started back clearing the stream as they went. When the intestate finished the work on his side of the river, he asked Tenney what he should do and Tenney told him to come over where he was. The intestate was about one hundred feet from Tenney at that time and started up stream for his pike pole. Tenney next saw him wading the stream and told him to go back if he could not swim. He turned and faced down stream, took two or three steps and stepped or slipped from a stone on which he was standing into a hole where the water was over his head, and was drowned. Transferred by *Sawyer,* J., from the October term, 1920, of the superior court on the plaintiff's exception to a nonsuit.

*Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper* orally), for the defendants.

YOUNG, J.   Since the plaintiff has elected to proceed at common law, he cannot recover unless he shows that the intestate neither knew nor was in fault for not knowing of the dangers incident to attempting to wade the stream when and as he did, *Bergeron* v. *Company, ante,* 231, for it must be held that he assumed the risk of all the dangers of the employment of which he either knew or would have known if he had used ordinary care for his own safety.  *Cassidy* v. *Company,* 79 N. H. 427.

The question in this case, therefore, is not what the ordinary boy of the intestate's age and experience would have done, but what he would have known in respect to the dangers incident to wading this stream.   In other words, the test to determine whether the court erred in ordering a nonsuit, is to inquire whether it can be found that the ordinary boy of the intestate's age and experience would not have known that there might be both rocks from which he might slip, and holes into which he might fall, in the bed of the stream.

All fair minded men must agree that it is at least as probable that the ordinary boy of the intestate's age and experience would, as it is that he would not, have known of these things; consequently it must be held that the plaintiff failed to sustain the burden of proving that the risk was not one the intestate assumed.

*Exception overruled.*

All concurred.