Hillsborough, }
June, 1900. }

## BODWELL v. NASHUA MANUFACTURING CO.

A servant who has full knowledge of a defect which the master has promised to repair cannot recover for injuries resulting therefrom, in the absence of evidence that such assurances induced him to continue in the employment.

CASE, for personal injuries alleged to have been received by the plaintiff while a night watchman in the defendants' mills, by reason of their neglect to provide him a safe place in which to work.

The plaintiff's evidence tended to prove that on the night in question his way was obstructed by some planks which had been insecurely piled by carpenters during the preceding day; that he saw the planks and walked safely over them once, but on his return caught his foot and fell; that his view was obscured by escaping steam; and that a week before the defendants had promised to repair the pipe from which the steam escaped, but had failed to do so. There was no evidence that the plaintiff suggested that the escape of steam made his work more dangerous, or that he thought of quitting the employment unless repairs were made. A nonsuit was ordered, subject to exception.

*Henry B. Atherton*, for the plaintiff.

*George B. French* and *Burnham, Brown & Warren*, for the defendants.

PEASLEE, J. If there were any dangers which contributed to the plaintiff's injury of which he was not fully informed, they were caused by the acts of his fellow-servants. *Nash* v. *Company*, 62 N. H. 406.

The promise to repair was not shown to have any connection with the plaintiff's continuation in the employment. "No case

. . . has gone so far as to hold that where the servant does not complain on his own account, and continues in his employment with full knowledge of the risk, he can recover of the master, because the latter, when the defective condition was called to his attention by the servant, gave assurances, which did not induce the servant to remain, that the defect should be remedied." *Lewis* v. *Railroad*, 153 Mass. 73, 77.

*Exception overruled.*

YOUNG, J., did not sit: the others concurred.