Hillsborough, }
March 5, 1907. }

### ROY *v.* HODGE.

A servant who has full knowledge of a danger which the master has promised to remedy cannot recover for an injury resulting therefrom, in the absence of evidence that such promise induced him to continue in the employment.

A servant is chargeable with appreciation of the danger of his employment if he realized that he was liable to receive substantial injury from abnormal conditions which were known to him; it is not necessary that he should have anticipated the precise manner of his injury.

CASE, for personal injuries alleged to have been caused by the defendant's negligence. Trial by jury, resulting in a disagreement. Transferred from the May term, 1906, of the superior court by *Pike*, J., upon the defendant's exception to the denial of his motion for a nonsuit.

The evidence tended to prove the following facts: The plaintiff, who was a man of ordinary intelligence and experienced in doing such work, was employed by the defendant to run a bench saw. He stood at the left of the saw to do his work, and threw

the edgings he made on a pile at the right of the bench. This pile was sixteen feet long and eight feet wide, and was separated from the bench by posts extending about fifty-four inches above the top of the bench. About a week before and again on the day before the accident, the plaintiff asked the defendant to remove the edgings because he feared they would fall on the bench and saw. On both occasions the defendant said he did not have time to attend to it then, but would do so " as soon as he got around to it." At the time of the accident the pile was about forty-two inches above the top of the bench at the front and higher at the back. The plaintiff attempted to throw an edging on the pile. The end caught on its rough face and in some unexplained way brought his hand in contact with the saw, thus causing the injury complained of.

*Branch & Branch*, for the plaintiff.

*Burnham, Brown, Jones & Warren*, for the defendant.

YOUNG, J. There is no evidence that the plaintiff was induced to remain in the defendant's service by reason of the latter's promise to remove the pile of edgings. *Bodwell* v. *Company*, 70 N. H. 390. Consequently the defendant's motion should have been granted unless there was evidence from which it can be found that the plaintiff did not appreciate the risk of his hands being brought in contact with the saw, incident to the unusual height of the pile of edgings; for the cause of the plaintiff's injury was the condition of the defendant's instrumentalities (*McLaine* v. *Company*, 71 N. H. 294, 296), and it is the rule in this state that servants whose injuries are caused in that way cannot recover from their master unless the cause of their injuries is a danger which he did and they did not know was incident to using his instrumentalities. *Demars* v. *Company*, 67 N. H. 404.

The first question, therefore, is whether there is any evidence from which it can be found that the plaintiff was not " chargeable with a knowledge of the material conditions which were the immediate cause of his injury "; or if he is, that he did not appreciate " the danger produced by the abnormal conditions in question." 1 Labatt M. & S., s. 279a. He admits that he knew of the material conditions which produced his injury, but claims he did not fully appreciate the danger incident thereto. *Demars* v. *Company, supra*. The test to determine that question is not to inquire whether he anticipated being injured in the precise way the accident happened (*Stevens* v. *Company*, 73 N. H. 159; *English* v. *Amidon*, 72 N. H. 301; *Slack* v. *Carter*, 72 N. H. 267; *Boyce* v. *Johnson*,

72 N. H. 41; *Lapelle* v. *Company*, 71 N. H. 346; *Whitcher* v. *Railroad*, 70 N. H. 242, 247; *Lintott* v. *Company*, 69 N. H. 628), but whether he knew he was liable to receive a substantial injury because of the unusual condition, if it was permitted to continue. *Shaw* v. *Railway*, 73 N. H. 65; *Murphy* v. *Railway*, 73 N. H. 18.

To apply that test to the facts in this case, it will be necessary to inquire whether there is any evidence from which it can be found that the plaintiff did not know that the unusual height of the pile of edgings increased the risk of his being injured by the saw. The only evidence on that issue is the fact that he asked the defendant to remove the edgings because he was afraid they would fall on the bench and on the saw. The question of whether he appreciated the risk of his injury therefore resolves itself into one of what he feared when he asked the defendant to remove the edgings: Was it the pile of edgings, or the saw? It is clear that he feared the saw, for he must have known that he had nothing to fear from the edgings, even if they fell on the bench while he was working at the saw; but he knew that if one fell upon the saw, or if his hands were brought in contact with the saw in any other way, he would be injured. So although he may not have known that if the end of an edging caught against the rough face of the pile his hands would be brought in contact with the saw, he knew the saw would cut his hands if they came in contact with it, whether the cause of their coming in contact with it was an edging falling from the pile, or the end of one he was trying to throw upon the pile striking its rough face. He also knew that the height of the pile of edgings increased the chances of something of this kind happening. So it cannot be found that the cause of the injury was a danger peculiar to the service, of which the defendant did and the plaintiff did not know; for there is nothing to show that the defendant either knew or ought to have known anything more in respect to the dangers incident to doing the work than the plaintiff did, or that the plaintiff did not know that the height of the pile of edgings increased the liability of something happening which would bring his hands in contact with the saw, even if he did not know just what that something might be. Although the plaintiff did not anticipate being injured in the precise way the accident happened, there is nothing to show he did not know that his hands would be cut if they came in contact with the saw, and that the unusual height of the pile of edgings increased the risk of something occurring that would bring his hands in contact with the saw.

*Exception sustained : judgment for the defendant.*

All concurred.