Coös,       }
Nov. 4, 1908. }

GORMAN, *Adm'x*, v. ODELL MANUFACTURING CO.

Where a servant has full knowledge and information concerning the work he is employed to perform, the master is under no obligation to formally enjoin him against a neglect of duty.

CASE, for personal injuries. Trial by jury and verdict for the defendants. Transferred from the December term, 1907, of the superior court by *Chamberlin*, J.

The plaintiff's evidence tended to prove the following facts: Thomas Gorman, the plaintiff's intestate, was employed by the defendants in their pulp mill, and worked upon what were known as the high screens. Murdock McDonald was foreman in and had charge of another part of the mill where sulphur was burned; and it was his duty to look after the burning of the sulphur, and regulate the discharge of the fumes by the use of lime-water and the ventilating system in the mill. Owing to the peculiar construction of the mill, the fumes from the acid plant, when allowed to escape, would naturally go into that portion of the mill where the plaintiff's intestate worked. While he was employed on the high screens a few days before his death, he was poisoned by sulphur fumes, which formed a gas and produced vomiting. After an illness of about four days, he died from rupture of a blood vessel in the brain. The evidence relating to McDonald's work is discussed in the opinion.

Subject to the plaintiff's exception, the jury were instructed that there was no evidence from which they could find that rules differing "from the regulations, or customs, or methods of doing the work, whatever the evidence showed them to be," were necessary.

*Herbert I. Goss* and *Matthew J. Ryan*, for the plaintiff.

*Drew, Jordan, Shurtleff & Morris*, for the defendants.

BINGHAM, J. It appears that sulphur fumes escaped into the portion of the mill where the plaintiff's intestate worked and caused him to sicken and die. It was the duty of McDonald to regulate the discharge of the fumes from the burning sulphur by making use of lime-water and the ventilating system provided for the purpose, and there was no evidence that he did not know what his duty was and how to perform it. But the plaintiff's evidence tended to prove that McDonald was not at his post of duty at the time the plaintiff's intestate was poisoned by the sulphur fumes, and that he occasionally absented himself from his work and went into another part of the mill where he could not readily be found when needed. From this it is urged that the court erred in not allowing the jury to pass upon the question whether the defendants were negligent in not providing a rule that their employees should not absent themselves during working hours. We are, however, of the opinion that when a master employs a servant to perform a certain duty, who knows or is informed as to what his duty is, it cannot be found that the master is negligent if he does not also inform him by rule or otherwise that he shall not neglect

his duty; that having informed the servant as to what his duty is, it is not necessary to enjoin him not to neglect it, as the latter instruction is necessarily included in the former.

Upon the evidence here presented, negligence could not be attributed to the defendants because of a failure to suitably instruct, or to provide a proper rule for the guidance of McDonald; and whether it could be attributed to them because of their retaining him in their employment after they knew or ought to have known that he was neglecting his duty, is a question not raised by the case.

*Exception overruled.*

All concurred.