Hillsborough, }
Nov. 4, 1908. }

AHERN   *v.*   AMOSKEAG MANUFACTURING CO.

A master is under no obligation to protect his servants against a danger not
reasonably to be anticipated, or to warn them of a peril concerning which
their knowledge and appreciation are equal to his own.

CASE, for negligence. Trial by jury and verdict for the plain-
tiff. Transferred from the January term, 1908, of the superior
court by *Plummer*, J., on the defendants' exceptions to the denial
of their motions for a nonsuit and the direction of a verdict in
their favor.

The evidence tended to prove the following facts: The plaintiff
was injured on December 26, 1905, in the defendants' finishing
room where she was employed. She was intelligent, thirty-seven
years old, and had been employed in the same room for eighteen
months prior to the accident, during which period she had worked
in the room 373 full days. About forty-five people worked in the
room, which was 108 feet long and seventy feet wide. The room
contained no machinery, but was equipped with rows of tables
with passageways between them. Bolts of cloth were brought
into the room on trucks and unloaded on the tables, where they
were banded and papered, the latter operation consisting in wrap-
ping them in paper to protect the cloth from dust. The cloth was
then reloaded upon the trucks and removed. All the work was
done in an orderly and systematic manner. There were places in
the room to which the trucks were removed when empty. Trucks
were used all about the room, but when empty they were not per-
mitted to remain in the passageways. The rule required them to
be removed to the place reserved for them, and it was not custom-
ary to leave them elsewhere. The room was lighted solely by
incandescent electric lamps. On the day of the plaintiff's injury
the light was turned on between two and three o'clock in the
afternoon and was extinguished about twenty minutes before six
o'clock by the melting of a fuse near the dynamo. The lamps on
such a system are liable to be extinguished in this way, and these
lights had failed twice before during the fall months. Such sys-
tems are in common use. The fuse is a safety device universally
employed. When the location of a melted fuse is known, a new
one can be substituted in a few minutes. The defendants had an
available supply of fuses to replace any which might melt, and an
employee whose duty it was to make the repair. There was no
evidence of defect in the lighting system. The plaintiff was a

paperer. After the lights failed she remained at her table and papered a bolt of cloth. Thinking she would have time to go to the water closet, she started across the room for that purpose, and was proceeding through one of the passageways when she fell over a truck and received the injuries for which she seeks to recover.

*Branch & Branch* and *Michael F. Shea*, for the plaintiff.

*Taggart, Tuttle, Burroughs & Wyman*, for the defendants.

PARSONS, C. J. The defendants adopted for the illumination of the plaintiff's work-place a system of lighting commonly in use for such purposes so far as appears, perfect of its kind, but subject to occasional interruptions. They provided the proper means for restoring the action of the system when such interruptions should occur and a competent person to make the necessary repair. If it be conceded that it could be found it was the duty of the defendants to provide and have in operation a sufficient number of other systems of lighting, so that by no possibility could the work-place fail to be sufficiently lighted for a moment of time, the question would be whether the breach of this duty caused the injury. There was no machinery in the room. The plaintiff's work was the wrapping of bolts of cloth in paper, and there was light enough after the extinguishment of the artificial system for the plaintiff to continue at her work, which she did for a short time after the light failed. If the plaintiff had continued her work or remained in her place, no injury would have resulted. The sudden failure of light did not cause the injury.

For a proper purpose, the plaintiff left her place to cross the room, and was injured by falling over a temporary obstruction in her path, for the existence of which at that place it is conceded the defendants were not responsible. When she left her place the plaintiff knew of the absence of light; but she says that the defendants, having adopted a system of lighting which was liable to fail at times, should have promulgated a rule requiring the various employees to remain in their places in case the lights failed, and that such rule was required because of the danger that employees might be injured by others moving about. There was evidence of the absence of such a rule formally made, though whether at the time the employees were directed by the person in charge of the room to remain in their places was in dispute. The plaintiff testified that she did not hear such direction. Whether the other employees were directed to remain in their places, or not, they did not remove from them to the plaintiff's injury.

There was no evidence that the truck was put where the plaintiff collided with it after the lights went out, or that it was not at that point when darkness intervened where the rule invoked would have required it to remain. If a rule was required for the reason suggested, the plaintiff was not injured by the action of other employees. So far as she is concerned, the argument is that if such rule had been communicated to her she could and would have obeyed it, and remained in her place and avoided the injury. It is not contended that the purpose for which she was leaving the room was of such pressing necessity that she would have been justified in disregarding the rule. So far as the plaintiff is concerned, the only office of a rule would be to warn her of the danger that some of the trucks upon which the cloth was brought into the room and moved to and from the various tables might at the moment of darkness be in a passageway through which in the course of business they were moved.

If there are cases where the risk of injury is so concealed, or so serious, that warning is not a sufficient performance of the master's duty, and only a positive rule forbidding the dangerous course of conduct will excuse him, this case is not of that character. There is nothing unfamiliar about the inability to perceive in the dark obstructions to the course of one who walks without light. If there may be obstructions whose presence cannot be ascertained by the eye, due care requires the use of some other sense to detect them. The evidence is uncontradicted that the plaintiff, relying upon her familiarity with the room, was hurrying through the passage without care as to any temporary obstruction in her path, and was injured because of the unexpected presence of the truck. If it can reasonably be found that the plaintiff was without fault in not anticipating the possible presence of the truck in her path, can it be found that the defendants were in fault for not anticipating the same thing and warning the plaintiff of the danger? Whether they can, or cannot, depends upon the answer to the inquiry, whether upon the evidence it could reasonably be found that the defendants' knowledge of the existence of the danger causing the injury was, or ought to have been, superior to the plaintiff's. *Gaudette* v. *Railroad*, 74 N. H. 597; *Dube* v. *Gay*, 69 N. H. 670; *Collins* v. *Car Co.*, 68 N. H. 196.

It is conceded that the defendants supplied suitable instrumentalities—work-room, co-employees, and method of business. A place in the room was set apart where the trucks were kept when not in use. The plaintiff was an intelligent adult. During the preceding year and a half she had worked 373 full days in the room. She knew, as well as the defendants could have known, how the work was done. If it was probable a truck might be in

her path, she was as capable of judging the danger as any one could be. If the presence of the truck was so unusual, unexpected, and improbable that she was not in fault for not taking care to guard against it, the defendants cannot be found in fault for not warning her of the unusual, not-to-be-expected, and improbable danger. It cannot reasonably be found that of two persons of equal knowledge and of equal ability to appreciate and understand a danger, one is in fault for not apprehending the danger and the other is not. The defendants were under no obligation to warn the plaintiff of a danger they were not bound to anticipate. If they should have anticipated it, on the evidence so should the plaintiff, and her fault precludes a recovery. The fact that one person is injured and the other is not—that one is employer and the other employee—will not authorize the imposition of different rules of care as to matters of common knowledge about which each has equal information.

*Exception sustained: verdict and judgment for the defendants.*

PEASLEE, J., did not sit: the others concurred.