Hillsborough, }
  Oct. 5, 1909. }

### CRONIN v. COLUMBIAN MANUFACTURING CO.

A master is not bound to instruct a juvenile servant concerning dangers of the employment which the latter understands and appreciates.

CASE, for personal injuries. Trial by jury and verdict for the plaintiff. Transferred from the May term, 1908, of the superior court by *Stone*, J., on the defendants' exception to the denial of their motion for a nonsuit.

The plaintiff, a boy fourteen years of age, was employed by the defendants to clean spinning frames and to carry waste to the basement of their mill on an elevator. He was also in the habit of returning to the upper stories on the elevator, but had nothing to do with operating it. At the time of his injury he was riding up on the elevator, which was carrying some boxes. He leaned back upon the boxes and put one foot on a cross-piece or guard secured to the posts of the elevator at one of the ends or sides of it, a few inches from the floor, his foot extending a short distance beyond the guard. As the elevator rose to the room above, the toe of his shoe was caught between the elevator and the floor of the mill, and one of his toes was mutilated. He testified upon cross-examination that he knew that the sides of the elevator came very close to the edge of the floor, and that if he had thought about it he would have known that if he left his foot out over the edge of the elevator it would be jammed by the floor, but that at the time he was injured he did not think.

*Doyle & Lucier*, for the plaintiff.

*Burnham, Brown, Jones & Warren*, for the defendants.

WALKER, J. The plaintiff admitted in his testimony that he knew at the time of his injury that if he allowed his foot to extend beyond the guard it would hit the floor above when the elevator went up through, but he testified that he was not thinking of the situation at that time. He was a boy of average intelligence and about fourteen years of age, who it appears understood the situation and appreciated the danger. It was unnecessary, therefore, for the defendant to instruct him that it would be dangerous for him to allow any part of his person to extend beyond the guard when the elevator was in motion. *Hicks* v. *Paper Co.*, 74 N. H. 154, 157. Knowing the situation and appreciating the danger, he

must be held to have assumed the risk he incurred. His only excuse is that he " did not think." But it was his duty to think, and in view of his knowledge, to use such care, including the mental operation of some thought, as a boy of his intelligence would exercise under the circumstances. It was not the defendant's duty to tell him to think. *Gorman* v. *Company, ante,* 123. He was confessedly " thoughtless and careless, when his duty to the " defendant " as well as to himself required him to be thoughtful and careful." *Gahagan* v. *Railroad,* 70 N. H. 441, 446. " The obligation to exercise care is not satisfied by unexplained absence of action and thought in a situation of known danger." *O'Hare* v. *Company,* 71 N. H. 104, 107. The jury were not warranted in finding that he performed the duty of care imposed upon him ; for it does not appear that he used any care with reference to his position in the elevator, which he knew, if he had thought about it, was attended with the special danger which caused his injury.

*Exception sustained : judgment for the defendant.*

All concurred.