Coös,
Dec. 7, 1909.

SMYTH, *Adm'r,* v. BURGESS SULPHITE FIBRE CO.

In an action against an employer for injuries alleged to have been caused by defective premises, a motion for a nonsuit should be granted when the evidence conclusively shows that there was no concealed danger, and that a person of ordinary prudence would not have deemed a warning necessary for the protection of one possessing the experience of the person injured.

CASE, for negligently causing the death of Achille Ouilette, an employee of the defendants. Trial by jury and verdict for the plaintiff. Subject to exception, the defendants' motion for a non-

suit was denied and the case was submitted to the jury upon the issue whether the defendants furnished the plaintiff's intestate a reasonably safe work-place. Transferred from the April term, 1909, of the superior court by *Plummer*, J.

*Matthew J. Ryan, Thomas F. Johnson*, and *Herbert I. Goss (Mr. Goss* orally), for the plaintiff.

*Merrill & Merrill* (of Maine), *Sullivan & Daley*, and *Drew, Jordan, Surtleff & Morris (E. N. Merrill* orally), for the defendants.

PEASLEE, J. The only defect in the premises complained of is the presence of from four to seven pieces of hard pine joists, at a point on the floor just in the rear of where the deceased was standing. He was a millwright with seven or eight years' experience in these mills, and the place was not one where employees would go except to remedy defects in the wet machines. The place was well lighted, the sticks were in plain sight when the deceased took his position close by them, and the claim was that he was injured by stepping upon or against them when he moved back suddenly upon the unexpected starting of the machine.

Unless this was a danger which the ordinary man might think was such as to call for warning to Ouilette, the defendants' motion should have been granted. *Willis* v. *Telephone Co., post.* That no ordinary person would think of giving such warning to an experienced repair man seems plain. There was no concealed danger. Everything was open to observation. As Ouilette must have known, the locality was not a regular work-place, nor one where people customarily went. It was clearly his duty to use his senses when going into such a place for the temporary work of making repairs. The defendants had the right to assume that he would do so, and to take that into account in determining whether it was necessary to warn him.

The plaintiff's claim that there should have been rules to prevent the starting of the machinery without warning to the repair man is not open for consideration here. Upon that issue the presiding justice ruled in favor of the defendants, and no exception to the ruling appears in the record.

*Verdict set aside : judgment for the defendants.*

All concurred.