Belknap, }
June 6, 1911. }

## FONTAINE   *v.*   JOHNSON LUMBER CO.

A servant who is injured by machinery cannot recover on the ground that he was unconscious of his danger, if he knew the condition of the master's appliances and appreciated the risk incident to their use.

CASE, for personal injuries.   Trial by jury.   Transferred from the March term, 1910, of the superior court by *Chamberlin,* J., on the plaintiff's exception to an order of nonsuit.

The plaintiff had worked upon a planer in the defendants' sawmill for about a year prior to his injury, the first six months as helper and the balance of the time in charge of the machine.   When he worked as helper it was his custom to step upon the pressure bar

and rest his hands on a guard which covered a gear on the pressure rolls whenever the cutters were changed, in order that he might see how the changes were made. The guard was removed six weeks before the accident. The plaintiff was working as helper on the day he was injured. When the machine was stopped to change the jointer-heads, he stepped upon the pressure bar, as was his custom, to see the changes made. He forgot that he had removed the guard and rested his left hand on the rod to which the guard had been attached. The rod was so close to the gear that his hand was caught when the planer was started, thus causing the injuries complained of.

*Shannon & Tilton,* for the plaintiff.

*Streeter, Hollis, Demond & Woodworth,* for the defendants.

YOUNG, J. The plaintiff contends that because he was unconscious of his danger he did not assume the risk of his injury; but the test to determine that question is to inquire whether he knew of the physical condition of the defendants' instrumentalities of which he complains and appreciated the risk of the particular danger incident thereto which caused his injury (1 Labatt M. & S., s. 279 a), and not whether he was conscious of his danger. *Cronin v. Company,* 75 N. H. 319. In other words, notwithstanding the evidence on which the plaintiff relies is relevant to the issue of his care, it is not sufficient, in and of itself, to prove that the defendants were in fault; for the only duty they owed him in so far as instrumentalities were concerned was that of notifying him of those dangers of the service of which they did and he did not know. *Ahern v. Company,* 75 N. H. 99. Consequently he cannot recover, for he knew that the gear was uncovered and what would probably happen if his hand came in contact with it.

*Exception overruled.*

All concurred.