Hillsborough, ⎱
June 28, 1912. ⎰

### HURLBURT *v.* NASHUA MANUFACTURING CO.

In an action for personal injuries against an employer, certain evidence deemed sufficient to warrant a submission of the question whether the plaintiff appreciated the danger to which he was exposed and was guilty of contributory negligence barring a recovery.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the September term, 1911, of the superior court by *Chamberlin,* J., on the defendant's exception to the denial of a motion for a nonsuit. The facts are stated in the opinion.

*Doyle & Lucier (Mr. Lucier* orally), for the plaintiff.

*Burnham, Brown, Jones & Warren (Robert L. Manning* orally), for the defendant.

PEASLEE, J. The evidence tended to show that the plaintiff, a boy fifteen years old, was injured while riding upon a freight elevator in the defendant's mill. The plaintiff was inexperienced and of less than average intelligence. The elevator well was dark, and at the place where his arm was caught a timber projected into the well a foot beyond the wall. The plaintiff was told by the man he had orders to obey to get upon the elevator, and crouch down to hide behind a box of bobbins so that the overseer on the floor above would not see him. While doing this, his arm got beyond the side of the elevator and was caught by the protruding beam. He testified that he was wholly ignorant of the situation and did not know how his arm got beyond the line of the elevator. Upon cross-examination, he said that he knew it "would not be right" to place his arm in that position.

The defendant relies upon *Cronin* v. *Company,* 75 N. H. 319, but that case is distinguishable from this. There the boy was of average intelligence, accustomed to ride on the elevator, familiar with the exact danger he encountered, and with ample opportunity to use his judgment. Here the boy was of low mentality, the place he entered was strange to him, there was no opportunity to observe, and he was acting under the natural excitement of the occasion. It does not require extended argument to show that expressions used in the Cronin case are not applicable here. Whatever theoretical knowledge this plaintiff had of the propriety of keeping within

the plane of the moving side of the elevator, it is evident that it could have been found that he had no such practical knowledge of the situation as to appreciate the care necessary to be exercised to avoid the danger. There was no error in the ruling that the defence of contributory negligence was not conclusively established by the evidence.

*Exception overruled.*

All concurred.