Rockingham,  
June 2, 1914.

### AMEDEE PROULX *v.* WILLIAM S. GOODRICH.

Where a boy fifteen years old and of average capacity is injured by machinery upon which he had worked safely for fourteen weeks, the master is not liable in the absence of evidence that the accident resulted from some secret defect or danger known to him and concerning which the servant was ignorant, or that the work was of such character that a man of ordinary prudence would not entrust its performance to boys.

CASE, for personal injuries sustained by the plaintiff while in the defendant's employ. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1913, of the superior court by *Young*, J., on the defendant's exceptions to the denial of motions for a nonsuit and the direction of a verdict in his favor.

*William H. Sleeper* (by brief and orally), for the plaintiff.

*Eastman, Scammon & Gardner, George T. Hughes*, and *Robert Doe* (*Mr. Doe* orally), for the defendant.

PARSONS, C. J.    The plaintiff was fifteen years of age. There is no evidence of incapacity of mind or body, and he must be assumed to have been of the average capacity of boys of that age. He entered the defendant's employ on May 1 and continued doing the same work each day until injured on August 8. The mere fact of injury does not establish the right of recovery. Such ground must be found, if it exists, in some breach of duty owed the plaintiff by the defendant, as the legal cause of the injury.

The plaintiff tended a brick-conveyor. This machine consisted of two endless cables stretched from the brick-moulding machine along in front of sheds in which the brick were dried. At the further end, the cables passed over large wheels, thence returning to the power end and passing four to eight inches above the level of a plank walk in front of the sheds. The green brick were placed on short pieces of board called pallets. The pallets, being placed upon the cables, were carried along by the motion of the cables in front of the drying sheds, where workmen called truckers removed them from the cables and wheeled the pallets and brick into the drying shed. Another workman collected the empty pallets and placed them on the walk in front of the sheds. The plaintiff was employed to place

the empty pallets upon the lower cables so that they would be carried back to the moulding machine. He had no work to perform on the upper cables, which passed about two feet above the lower in the opposite direction. When he went to work there was a cover of some sort over the large wheels at the end of the ropeway. After he had been at work about six weeks this cover was removed, as it interfered with the operation of the machine.

The only account of the accident which the plaintiff was able to give is that he suddenly found himself resting upon the upper cables and being borne into the wheels; that to save his head he put out his arm, which was caught and torn off. There was no other evidence as to the cause of the accident. There was no claim of any defect in the rope by which he was caught, or anything about the platform which caused him to slip and fall, if he did slip. The history starts with the plaintiff on the ropes, being borne into the wheels. There was evidence that when he went to work the plaintiff was instructed to look out for the rope. He testified that he knew if he fell into the cable he would be hurt, if he could not get off before the wheels were reached. In his work he stood eighteen inches to two feet from the cables. His work did not require him to touch either cable and had nothing to do with the upper ones.

Upon the evidence, the only claim of fault in the defendant must be that entrusting such work to the average boy of fifteen years of age was of itself a breach of duty. It cannot be reasonably found upon this evidence that a man of average prudence would not employ such a person to do this work, and that the plaintiff, knowing the danger of injury if he fell upon the cables, did not appreciate the risk. If it was the practice in this business to employ only mature and skilled persons to do work of this character—if to perform it with safety particular skill or experience was required—there was no evidence of that character presented to the jury. So far as the case goes, the work was usually performed by boys, and the plaintiff himself had done the work for fourteen weeks without harm. The plaintiff, although only fifteen years of age, assumed the risk of the dangers of the occupation which he knew and understood. *Cronin* v. *Company*, 75 N. H. 319. The jury cannot find material facts without evidence. *Reynolds* v. *Fibre Co.*, 73 N. H. 126, 131.

In the absence of evidence that the plaintiff got onto the ropes through some secret defect or danger of which the defendant knew and the plaintiff did not, or some evidence that the work was of a character prudent men would not employ boys to perform, the jury

could not reasonably find the defendant in fault. "The burden of proof was upon the plaintiff, and the absence of evidence in relation to these matters does not sustain that burden. The mere fact of injury does not establish the defendant's fault. If the absence of proof is due to mistake or misfortune, justice can hereafter be done upon proper proceedings in the superior court; but the possibility of evidence cannot sustain a verdict rendered without evidence upon an essential point." *Hicks* v. *Company*, 74 N. H. 154, 157, 158; *Dame* v. *Car Works*, 71 N. H. 407.

*Exceptions sustained: verdict set aside.*

YOUNG and PLUMMER, JJ., did not sit: the others concurred.