Rockingham, }
May 6, 1919. }

JAMES C. MERRILL, JR. *v.* GRANITE STATE SPRING WATER CO.

Where there is no evidence that the master could have informed a servant, injured in his employ, of any fact material to the servant's safety and of which he was ignorant the servant assumes the risks of his service which he knew or which ordinary care would disclose to him.

CASE, to recover for injury while in the defendants' employ.  The plaintiff who had had experience in an automobile factory was employed by the defendants in March, 1916, to repair and operate a motor truck owned by them.  With one Mooers he overhauled the truck and operated it during the summer of 1916, driving the truck by himself and making or ordering such repairs as were necessary.  In the winter 1916–1917 he was employed repairing machines used in the defendants' business.  March 1, 1917, by direction of the defendants he made a trip to Lawrence with Mooers with the truck on the defendants' business.  On the way it was discovered one of the brake rods was broken and that the truck would not stand when left upon a grade unless the wheels were trigged.

On the return it was part of the employees' duty to run the truck into a garage. The approach to the garage was up a steep grade which was icy. As was the custom when the truck was to be put into the garage, the plaintiff went ahead, opened the doors and stood watching the approach of Mooers with the truck when he observed that the truck ceased to advance and was slipping back down the grade. Mooers called to the plaintiff to trig the wheels. He secured a rock for that purpose and started toward the truck and was injured. Chains were furnished for the truck but were not in use. The plaintiff was the only witness. The defendants' motion for a nonsuit was granted subject to exception. Transferred by *Allen*, J., from the May term, 1918, of the superior court.

*Scammon & Gardner* (*Mr. Scammon* orally), for the plaintiff.

*Hughes & Doe* (*Mr. Doe* orally), for the defendants.

PARSONS, C. J. The plaintiff assumed the risks of his service of which he knew or which ordinary care would disclose to him. There is no evidence the defendants could have informed him of any fact material to his safety of which he was ignorant. *Henderson v. Williams*, 66 N. H. 405. The plaintiff was acquainted with the construction and operation of motor vehicles. He knew the construction and defects of this truck and was practised in its operation. The defect of the brakes he knew and also the grade and icy condition of the roadway to the garage. As to whether there was risk in attempting to run the car into the garage without using the chains provided to keep the wheels from slipping upon the ice his employers could have told him nothing he did not know. There is no evidence or presumption that they had information which he did not possess or any evidence tending to show they ought to have known he did not possess the knowledge as to truck operation which the defendants must have understood he possessed when they hired him. The only defect alleged in the car, the insufficiency of the brakes, does not appear to have been the cause of the accident. Whether it contributed in any degree or not the plaintiff knew all about this defect before he with Mooers attempted to run the truck, in the condition in which it was, up the icy grade into the garage.

There is no evidence of the defendants' negligence as the cause of the injury.

*Exception overruled.*

All concurred.