Rockingham, ⎰
March 7, 1922. ⎱

### PERCY S. STOWE v. JOHN B. PAYNE, *Director-General.*

In an action upon the federal employers' liability act (35 U. S. Stat. 65), certain evidence warranted a finding that the plaintiff was knocked from an engine-step by an accumulation of ice or snow near the track, and that this obstruction was caused by shovelers carelessly clearing the snow from adjoining tracks, or by their negligently failing to remove it.

Under the federal statute, assumption of risk is a defence, and the burden of proof rests with the defendant.

Under the federal statute, contributory negligence is not a defence but is matter for reduction of damages.

Whether a verdict is against the weight of the evidence is a question for the trial court, and cannot be determined in the supreme court unless upon the evidence only one conclusion is reasonable.

On the issue of the amount of damages for physical injuries, the fact is relevant that the plaintiff's lack of education was due to his parents' financial condition

rather than to his natural stupidity or indolence; and the question whether the plaintiff could earn a living in a clerical capacity or only by active employment such as he had been engaged in, is competent on the same issue.

Whether an issue of fact is so presented in argument as to excite prejudice and render the trial unfair, is in the first instance at least a question for the trial court; and, in the absence of objection, ruling and exception, is not properly cognizable in the supreme court.

Action, by an employee to recover for injuries received in the course of his employment, February 16, 1920, brought under the federal statute. Trial by jury and verdict for the plaintiff. The defendant's motions for a nonsuit and a directed verdict were denied subject to exception. There were also exceptions to the argument of plaintiff's counsel, and to a refusal to set the verdict aside as against the law and the evidence, and as against the weight of the evidence, and as excessive.

Transferred from the January term, 1921, of the superior court by *Allen,* J.

The evidence and facts relevant to the exceptions appear in the opinion.

*John M. Stark, Robert W. Upton* and *Sleeper & Brown (Mr. Upton* orally), for the plaintiff.

*Albert R. Hatch* and *Hughes & Doe (Mr. Doe* orally), for the defendant.

Parsons, C. J. The plaintiff seeks damages because he says, as he stood upon the step of a locomotive proceeding slowly through the Nashua yard, in the act of alighting therefrom in the course of his employment, his heel struck a projecting ridge of ice or frozen snow knocking him from the step with resultant injuries. He charges negligence in permitting the existence of such an accumulation of snow or ice so near the track. The defendant answers that, considering the character of the season, the numerous snowfalls shortly preceding the accident, negligence cannot be found merely from the existence of the situation which the plaintiff contended caused the accident, and second that the accumulation of ice and snow, of which the plaintiff complained, did not exist.

Upon the first proposition there was a large amount of evidence as to the amount of snowfall immediately preceding the accident and of the difficulty experienced by the defendant in maintaining transportation in the face of climatic conditions as they existed that winter.

Whether the jury without other evidence could be permitted to find the defendant guilty of negligence because of failure to remove the natural accumulation of snow at a particular spot may be a doubtful question but the case does not stand upon such a proposition. There was evidence that the pile of snow complained of was made by shovelers clearing adjoining tracks. The defendant's track supervisor testified that if there had been at the place of accident such an accumulation of snow as the plaintiff claimed, it would have been removed. The foreman of the yard who was in attendance at the trial was not called as a witness. These facts constitute evidence tending to establish the plaintiff's claim that the existence of such an obstruction as he claimed did exist so near the track in the yard was due to carelessness either in piling the snow at that place or in failing to remove it.

The evidence tending to establish the existence of the pile of snow or ice so near the track as to produce the accident, is the plaintiff's testimony that his heel was struck as he stood on the locomotive step and his account of his observation after he was knocked from the step before he rolled under the wheels of the tender and of the testimony of a witness who saw the place a few hours afterward, who made no measurements but estimated the height of the ice and its proximity to the track as such as would have rendered possible the happening of the accident as the plaintiff claimed. On the other hand, the defendant called a witness, who almost immediately after the accident carefully measured the ice pile and made a plan of the cross-section of the ice and track. If this witness was accurate and truthful, the accident could not have happened as the plaintiff claimed. Other witnesses called by the defendant tended to establish this contention. The question is as to the weight of the evidence. Whether the verdict is against the weight of the evidence is a question for the trial court, which cannot be determined here unless it is clear that on the evidence only one conclusion is reasonable. *Ingerson* v. *Railway*, 79 N. H. 154, 159. While the plaintiff's account of his observation after he was knocked from the engine step and the estimate of his witness may be of very little weight as against the apparently accurate and precise measurements of the defendant's engineer, the plaintiff testified positively that his feet were knocked from the engine step. If this were so, the accumulation of ice and snow must have occupied the position with reference to the rail in height and location which he claimed. The clearance of the snow plows which went over the track was not enough to render impossible

the proximity of the snow bank which the plaintiff claimed. Whether the plaintiff or the defendant's witness told the truth, however clear the question may appear on paper, is one upon which the appearance of the witnesses in testifying is proper for consideration. It, therefore, cannot be said without that evidence that it was unreasonable to permit the jury to find, as they must have, that the defendant's engineer lied and the plaintiff told the truth. This question has been presented to the trial court, and decided adversely to the defendant.

Under the federal statutes, assumption of risk is a defence, as to which the burden of proof rests with the defendant. *Crugley* v. *Railway*, 79 N. H. 276. The plaintiff therefore assumed the obvious risks of his occupation in such a winter as the evidence discloses. Whether this would cover the risk of slipping on the engine step or from stepping on ice or snow such as is conceded existed along the track, is a question not raised. The plaintiff places his case upon an abnormal accumulation either created or permitted beside the track, causing the injury in a particular way. As there was evidence tending to support this claim, the motions for a nonsuit and directed verdict were properly denied.

Under the federal statute (U. S. Stat. 1908, *c.* 149, *s.* 3), contributory negligence is not a defence but goes in reduction of damages. In the absence of exception, it must be presumed this question was properly submitted to the jury.

The defendant excepts to a remark by plaintiff's counsel in opening, and to certain statements in the argument, none of which are of such character as to render the trial unfair as matter of law. If the plaintiff's lack of education was due to his parents' lack of financial resource rather than to the plaintiff's natural stupidity or indolence, the fact was competent as tending to show the kind of man the plaintiff was, a question material on the issue as to damages. Whether the plaintiff could earn a living in a clerical capacity or only by active employment such as he had been engaged in, was also competent on the same question. Whether these or other questions were presented in argument so as to excite prejudice and render the trial unfair was, at least in the first instance, for the trial court, and in the absence of objection, ruling and exception, are not properly cognizable here. *Tuttle* v. *Dodge*, *ante*, 304.

*Exceptions overruled.*

SNOW, J., did not sit : the others concurred.