Merrimack, }
Oct. 3, 1922. }

CHARLES W. PAIGE, *Guardian of* FRED J. PAIGE, *v.* M. T. STEVENS & SON'S CO.

A servant who is injured by machinery cannot recover on the ground that he was unconscious of his danger, if he knew the condition of his master's appliances and appreciated the risk incident to their use.

In a common law action by a servant against a master who has accepted the provisions of the employers' liability act, the burden is upon the plaintiff to show that he did not assume the risk.

CASE, for personal injuries. Trial by jury. The plaintiff's ward was employed by the defendants to work on a carding machine and it was his duty, among other things, to clean the condenser rolls while the machine was running. To do that, he had to open a gate in the fence which enclosed the gear end of the machine and then open the guard over the gears which drove the condenser rolls and put his hand through an opening in the frame of the machine, some four or five inches in diameter. The gears were arranged around three sides of the opening and were several inches from it. The machine was so near the wall that the gate could not be completely opened.

On the day of the accident, the plaintiff's ward opened the gate and guard and inserted his hand in the opening and cleaned the rolls

as usual, but the waste he was using caught on a set-screw and when he attempted to remove it, it gave way suddenly and his elbow struck the gate behind him and his hand came in contact with the gears. Transferred from the April term, 1921, of the superior court by *Marble,* J., on the plaintiff's exception to a directed verdict. Other facts are stated in the opinion.

*Robert W. Upton* and *Frank E. Woodbury* (*Mr. Upton* orally), for the plaintiff.

*Lucier & Lucier* (*Mr. Alvin J. Lucier* orally), for the defendants.

YOUNG, J. The plaintiff concedes that his ward was familiar with the physical condition of the defendants' instrumentalities, and realized that if he came in contact with the gears which drove the condenser rolls he would be injured, but contends that it does not follow that he assumed the risk of this injury. He bases his contention on his ward's testimony that he did not think he would be injured.

What this contention comes to in the final analysis is that notwithstanding he knew the machine was so close to the wall that the gate would only open part way and that he had to stand with his back close to it when he cleaned the rolls, and fully appreciated the risk he ran if for any reason his hands came in contact with the gears, it can be found he did not assume the risk because he did not think he would be injured when and as he was.

The test, however, to determine whether he assumed the risk incident to using the defendants' instrumentalities, is not to inquire whether he thought he might be injured, but whether he knew of the defect, of which he complains, before the accident happened and realized that he might be injured.

In other words, the test is not to inquire whether he expected to be injured when and as he was; but whether he realized that if he remained in the defendants' employment he might be injured by reason of the defects in the defendants' instrumentalities of which he complains. *Fontaine* v. *Company,* 76 N. H. 163.

The question raised by the plaintiff's exception, therefore, is whether there is any evidence tending to prove the plaintiff's ward neither realized nor was in fault for not realizing that he might be injured if he continued to clean the rolls when the machine was running.

The evidence relevant to that issue is that he was eighteen years old when the accident happened and had cleaned these rolls, while the machine was running, several times a week during the year he had worked for the defendants; he also knew that cleaning them in that way was a dangerous thing to do, and always exercised care to avoid coming in contact with the gears.

All this tends to the conclusion that he either realized or ought to have realized that he might be injured if he continued to clean the rolls while the machine was running, and the fact he thought he would not be injured if he exercised care tends rather to strengthen than to rebut this conclusion.

The plaintiff's exception must, therefore, be overruled, for since the defendants have accepted the provisions of Laws 1911, c. 163, the burden is on him to show that his ward neither knew nor ought to have known of, and appreciated the risk incident to the defect in the defendants' instrumentalities of which he complains. *Bergeron* v. *Company, ante,* 231; *Smith* v. *Company, ante,* 299; *Cassidy* v. *Company,* 79 N. H. 427; *Merrill* v. *Company,* 79 N. H. 211; *Proulx* v. *Goodrich,* 77 N. H. 297; *Dionne* v. *Company,* 76 N. H. 17; *Fontaine* v. *Company,* 76 N. H. 163; *Sanborn* v. *Railroad,* 76 N. H. 523; *Ahern* v. *Company,* 75 N. H. 99; *Gorman* v. *Company,* 75 N. H. 123; *Manley* v. *Railway,* 75 N. H. 465; *Cronin* v. *Company,* 75 N. H. 319; *Smyth* v. *Company,* 75 N. H. 403; *Hicks* v. *Company,* 74 N. H. 154; *Roy* v. *Hodge,* 74 N. H. 190; *Murphy* v. *Railway,* 73 N. H. 18; *Hilton* v. *Railroad,* 73 N. H. 116; *St. Jean* v. *Tolles,* 72 N. H. 587; *Boyce* v. *Johnson,* 72 N. H. 41; *O'Hare* v. *Company,* 71 N. H. 104; *Allen* v. *Railroad,* 69 N. H. 271; *Young* v. *Railroad,* 69 N. H. 356; *Casey* v. *Railway,* 68 N. H. 162; *Collins* v. *Company,* 68 N. H. 196; *Nourie* v. *Theobald,* 68 N. H. 564.

*Exception overruled.*

All concurred.