Rockingham,  }
March 6, 1923. }

### FELIX LEVASSEUR *v.* LEWIS KILLAM.

A servant assumes only such dangers of his employment as are apparent or which ordinary care would disclose.

CASE, for negligence. Trial by jury and verdict for the plaintiff. The defendant's motions for a nonsuit and for a directed verdict were denied, subject to exception, by *Branch,* J., who transferred the case from the April term, 1922, of the superior court. The facts are stated in the opinion.

*Sewall & Waldron,* and *Arthur L. Churchill,* for the plaintiff.

*Henry C. George* and *Scammon & Gardner,* for the defendant.

PEASLEE, J. The plaintiff's evidence tended to prove the following facts. He was a farm laborer, with some experience driving a team, but not an expert driver. He was set by the defendant's foreman to drive a two-horse load of baled hay to Newmarket, and had difficulty getting up a steep hill where the road had been dug over, in the process of laying a sewer, and was rough and slippery. When a second load was being put on, the plaintiff protested against its being made larger than the first, because of the trouble on the road, but the foreman insisted upon adding a third more. The rack was not properly secured to the wagon platform. When the plaintiff reached the defective road with this load, one of the horses refused to pull, and the load swayed and backed into the ditch. The plaintiff thought it was going over, jumped to save himself and received the injuries complained of. The strands of hay-wire fastening the rack to the platform were found to be broken after the accident.

In the absence of argument or brief on behalf of the defendant, it is not perceived upon what ground a claim that his motions should have been granted could be based. There is ample evidence of a failure to provide suitable instrumentalities, and of a failure to conduct the business in hand with reasonable regard for the safety of the plaintiff.

If it should be conceded that, as matter of law, the plaintiff assumed the risk of taking the larger load over the defective highway (*Merrill* v. *Company*, 79 N. H. 211), the case would still be one for the jury. It does not appear that he knew that the rack was not properly secured to the wagon platform. There is evidence that this defect contributed to the unstable condition of the load, and that it helped to create the apparent danger which induced the plaintiff to jump.

Other defences, suggested by the examination of witnesses, all depend upon disputed questions of fact, and are immaterial here.

*Exceptions overruled.*

All concurred.