Rockingham, }
April 1, 1924. }

### GEORGE E. JUDKINS v. EXETER & HAMPTON ELECTRIC CO.

Upon exception to the denial of a motion for a nonsuit, the objection that the evidence tending to show a servant's non-assumption of the risk is too improbable to sustain a verdict, if rendered, will not be considered, but only the question whether there is any evidence to sustain a verdict.

Certain evidence warranted the submission to the jury of the questions whether a servant knew or ought to have known of the danger from high-tension wires remaining charged when he was at work in proximity thereto.

CASE, for negligence. Trial by jury and verdict for the plaintiff. The plaintiff was employed by the defendants as one of the crew which built their pole lines and kept them in repair. He began work in August and was injured in the following June; he was of less than average intelligence, and all he knew about the business was what he had learned while working for them.

He testified that he knew there were high-tension wires on the poles on which he worked but that he was told that the current was turned off on these wires whenever the men were working on the poles. While he was scraping the insulation from a low-tension wire with a knife, his shoulder came in contact with a high-tension wire, and he sustained the injury complained of.

The defendants moved for a nonsuit and for a directed verdict

on the ground (1) that the plaintiff assumed the risk of his injury and (2) that if he was injured by the negligence of anyone it was that of a fellow-servant.

Transferred by *Allen*, J., on the defendant's exception to the denial of these motions.

*William H. Sleeper*, by brief and orally, for the plaintiff.

*Hughes & Doe* (*Mr. Doe* orally), for the defendants.

YOUNG, J.    The plaintiff bases his right to recover on the fact that he was not notified when he went to work on this pole that the current was on the high-tension wires.

It is the duty of an employer to notify his employees of all the dangers peculiar to the employment of which he either knows or ought to know, and of which they neither know nor are in fault for not knowing. If, therefore, it is found that the plaintiff neither knew nor was not in fault for not knowing, when he climbed the pole, that the high-tension wires were charged, it can be found that he was injured by the negligence of the defendants — not that of a fellow employee.

Can these facts be found?

He testified that he did not know the high-tension wires were charged, consequently there is evidence warranting such a finding. The evidence relevant to the issue of whether he ought to have known they were charged is that neither the defendants nor anyone else ever told him that these wires were charged and that his fellow-employees told him that the defendants always shut the current off when they were working on the poles.

This evidence has at least some tendency to prove that the plaintiff was not in fault for not knowing the high-tension wires were charged at the time the accident happened. Since the only risks an employee assumes are those he either knows or ought to know are incident to doing the work he is employed to do, *Paige* v. *Company*, 80 N. H. 439, 441, and cases cited, it cannot be said that the court erred when it overruled the defendants' motion.

The defendants practically concede there is some evidence tending to prove that when the plaintiff was injured he neither knew nor ought to have known that the high-tension wires were charged; but they say it is so thin, and improbable, that it should not be permitted to sustain the verdict.

It is enough in so far as this contention is concerned to say that the question here is not whether the verdict should be set aside as against the weight of the evidence, *Stowe* v. *Payne*, 80 N. H. 331, 333, but whether there is any evidence to sustain the verdict.

All concurred.                                        *Exceptions overruled.*