Strafford, }
June 3, 1924. }

### VENA SEVIGNY *v.* J. SPAULDING & SONS COMPANY.

The promise of a master to remedy defects or deficiencies in his instrumentalities
relieves the servant of his implied assumption of the risk while he remains
at work on the strength of the promise; and this rule applies equally to a
promise to repair a defect and to one to supply an added device.

Acts done without thought on the part of the actor do not constitute negligence
as a matter of law, when thought might or might not have led an average
man to different conduct.

Under Laws 1911, *c.* 163, *s.* 2, which places the burden of proving the servant's
contributory fault upon the master, proof of due care is not a part of the
plaintiff's case and is not ordinarily presented by a motion for a nonsuit.

CASE, for negligence. The action is at common law and brought
by a servant to recover for injuries received while working upon
an unguarded machine. Three days before the accident she com-
plained of the lack of a guard, and the foreman promised to supply
one. Other facts are stated in the opinion. At the close of the
plaintiff's evidence a nonsuit was ordered by *Allen,* J., subject to
exception.

*Demond, Woodworth, Sulloway & Rogers* (*Mr. Rogers* orally),
for the plaintiff.

*Alvin J. Lucier, Felker & Gunnison* and *George T. Hughes,* for the
defendant.

PEASLEE, J. The promise of a master to remedy defects or de-
ficiencies in his instrumentalities relieves the servant of his implied
assumption of the risk while he remains at work on the strength
of the promise. Various reasons for this rule have been assigned
by courts; but while there is this difference of opinion as to why
there is such a rule, there is no dissent from the proposition that
it is a part of the law. 4 Lab. M. & S., *s.* 1348. There is no case
in this state wherein a recovery upon this ground has been upheld,
but the principle has been recognized without question. *Bodwell*
v. *Company,* 70 N. H. 390; *Roy* v. Hodge, 74 N. H. 190.

In a few jurisdictions a distinction has been made between a promise
to repair a defect in an essential part of a machine, and one to supply
an added device, like a safety appliance. There appears to be no
sound reason for such a conclusion. It is as much the master's

duty to furnish reasonable safeguards as to supply a machine that will do the work without breaking down and so causing injury. The promise to replace a cracked saw stands no differently than one to supply a guard. The servant's assumption of risk applies equally to each situation, and a new contract on that subject should be treated alike in both instances.

In the present case, the defendant concedes the existence and applicability of the rule, but claims that the evidence shows that the accident in question was caused by the plaintiff's failure to use reasonable care in the way she went about her work upon the unguarded machine.

The plaintiff was a skilled operator of the machine, which was known as a tandem skiver. The defect complained of was the lack of a guard over exposed shafts and gearing. She had occasion to tighten some screws near the moving shafting, and while doing this her screwdriver slipped, letting her hand into the unguarded machinery and causing the injury. She could have stopped the machine before tightening the screws. She was familiar with the operation, and had occasion to perform it frequently for other purposes. She testified, upon cross-examination, that she did not think about doing so on this occasion. On re-direct examination, she testified to certain dangers involved in stopping the machine, and to the practice in the shop to do what she was doing when unguarded machines were in motion.

It is argued on behalf of the plaintiff that this explanation satisfactorily accounts for her conduct, and made the question of her care one for the jury. She did not testify that these considerations led her to refrain from stopping the machine, nor that she would not have done as she did if she had considered the matter. The most that can be said is that, if she had thought, she might still have concluded that the proper course of action was the one she in fact took. The question thus presented is whether acts done without thought must be found to be negligent, when thought might or might not have led to different conduct.

While the standard of conduct is external (*Garland* v. *Railroad*, 76 N. H. 556, 564, and authorities cited), the conclusion to be reached involves in a certain sense a consideration of the state of mind. Knowledge is a fact, and is here differentiated from the operation of the actor's mind. The mental operation which is sometimes used in testing for due care is not that of the actor. The thoughts, as well as the physical acts, of the average man constitute

the standard. So here, if the average person, possessed of the plaintiff's knowledge and after considering all the factors entering into the situation, might have done what she did, the standard set by the law is satisfied. Her knowledge is a material factor in the problem, but the judgment to be exercised in view of that knowledge is that of the average man.

Failure to think has been treated as sufficient to charge the actor with fault, upon the ground that if he had thought he would have known, and if he had known, due care would have called for action. *Cronin* v. *Company*, 75 N. H. 319, and cases cited. On the other hand, the fact the actor did think, and used his best judgment, does not exonerate him from fault, as matter of law. *Carney* v. *Railway*, 72 N. H. 364, 371 *et seq*, and cases cited. These two lines of cases illustrate the principles hereinbefore stated. The actor's knowledge is a material fact. The knowledge he would have had, if he had been reasonably vigilant, is chargeable to him and is also to be considered. But his course of conduct is not judged by his reasoning and conclusion. The external standard is applied, and the rule of ordinary care governs.

The question here is merely whether, upon all the facts, including the plaintiff's knowledge, her conduct must be found to be other than that of the average person. In view of the evidence that there were dangers involved in stopping the machine and that it was the practice to do this work in the way the plaintiff did, it was for the jury to say whether what she did satisfied the standard of reasonable care.

Her duty was to act as the average person might have acted. As it would be no answer, in law, to a charge of contributory negligence for her to show that she thought and exercised what the jury subsequently found to be a reckless judgment, so also her fault, as matter of law, is not proved by showing that if she had thought, her over-caution would have caused her to take measures the ordinary man would not consider necessary. Much less is the proof conclusive when, as here, the evidence leaves it in doubt whether thought upon her part would have induced her to act differently.

The statutory change in the law of contributory negligence greatly reduces the number of cases which can be taken from the jury on this ground. *Nawn* v. *Railroad*, 77 N. H. 299. Lack of evidence of care is not now sufficient. There must be conclusive proof of negligence. As the burden of proving contributory fault is upon the defendant, proof of due care is not now a part of the plaintiff's

case in actions of this class. The defendant's motion for a nonsuit does not raise the question which has been argued. The plaintiff makes a case by producing evidence of the defendant's fault. The defendant could regularly raise the present question only by resting its case, and moving for a directed verdict. But as the practice has been otherwise, and the parties both understood that the question was raised in this way, it has been considered.

*Exception sustained.*

SNOW, J., was absent: the others concurred.