Hillsborough,
Jan. 4, 1927.

## CARRIE OWEN *v.* ELLIOT HOSPITAL.

In a common-law action by a servant against his master for injuries, the plaintiff has the burden of proving non-assumption of risk.

Although aware of a defect in an appliance, a servant does not assume the danger of its use unless the danger is or should be appreciated by him.

Where the danger confronting a servant is known to him, or is one which ordinary care would disclose, the doctrine of assumption of risk is equally applicable whether the servant consciously disregards the danger or disregards it through inattention.

A risk is assumed by the servant whenever his knowledge of the danger is equal to or greater than the master's.

In determining whether a servant has assumed a risk, the question of his negligence is not involved: the inquiry is not how he used his knowledge but what knowledge he had.

If a danger is not reasonably to be foreseen, the master has no duty to warn the servant thereof.

CASE, for negligence. On a jury trial the plaintiff had a verdict. Transferred by *Young*, J., on the defendant's exceptions to the denial of its motions for a nonsuit and directed verdict. The opinion states the material facts.

*Doyle & Doyle (Mr. Paul J. Doyle* orally), for the plaintiff.

*McLane & Davis (Mr. McLane* orally), for the defendant.

ALLEN, J. The plaintiff was a cook in the defendant's kitchen. While at work at a gas stove, her dress caught fire from contact with the flame of a pilot burner and she was burned. The burner was part of an attachment for heating the oven. The practice was to turn on a petcock and light the pilot burner, which in turn lighted the oven burners, and then turn off the petcock. The pilot burner stood about nine inches above the floor and projected a number of inches in front of the stove. It was unguarded, although a guard was practical. The plaintiff had two assistants to help her and one of them had left the pilot light burning before the plaintiff went to work at the stove. That the pilot was lighted was readily observable either by seeing the flame or by seeing that the petcock was open, but the plaintiff, not directing her attention thereto, did not notice it.

The defendant concedes there is evidence of its negligence, and assumption of risk is chiefly relied on in support of the motions. As to this the plaintiff urges that external force or agency was necessary to make the defect of the stove dangerous and that therefore her appreciation and consequent assumption of the risk as dependent upon the intervention of others might be found lacking.

The argument invokes discrimination between the defect and the danger. The defect was not of itself a danger. The danger was the unguarded flame. Without the flame there was no danger. The lack of a guard as a defect, helping to produce the danger, was a source and cause of it, so as to make the defendant negligent in its maintenance if due care called for a remedy. But it was not the only cause of the danger, and some active agency was required to unite and combine with it. The inquiry is therefore to be directed to the plaintiff's assumption of the danger of the unguarded flame rather than solely to her knowledge of the unguarded pilot. While such knowledge was essential to her assumption of the danger, it was not all that was required. Although aware of the defect, she did not assume the risk unless she also appreciated the unguarded flame as a possible result of the unguarded pilot in connection with its being left lighted. And as the burden of proof is on the plaintiff to show that she did not assume the risk (*Zajac* v. *Company*, 81 N. H. 257, 261, and cases cited), the specific inquiry is whether there is any evidence that she did not thus assume it.

The cases have uniformly enforced the assumption of risk rule when the servant's knowledge of the danger is equal to or greater than the master's. *Ahern* v. *Company*, 75 N. H. 99, 101, and cases cited; *Fontaine* v. *Company*, 76 N. H. 163; *Zajac* v. *Company*, *supra*, 262; *Hook* v. *Company*, *ante*, 75. "It cannot reasonably be found that of two persons of equal knowledge and of equal ability to appreciate and understand a danger, one is in fault for not apprehending the danger and the other is not." *Ahern* v. *Company*, *supra*, p. 102.

Here the plaintiff knew as much about the situation generally and in detail as the defendant. Her knowledge of the lack of a guard, of the likelihood of the pilot being left open and of the danger therefrom, was equal to the defendant's. The exposed flame as the real danger was not a latent one. The plaintiff had as much information as the defendant to tell if there was enough probability of the pilot being left burning to call for one to be on the watch for it. The pilot had been left burning by one of the plaintiff's assistants. Whether this was negligence as an act contrary to the practice in

force or an accident as an oversight free from fault, it was at best to be anticipated by the plaintiff as much as by the defendant. If it was negligent for the defendant not to anticipate such an occurrence and warn the plaintiff about it, it was equally negligent for her not to anticipate it and be on the watch for it without warning. She had as much duty to look out for herself as the defendant had to look out for her, in view of their equality of knowledge. If the plaintiff was not at fault, it was because it was a danger not reasonably to be foreseen, and the master has no duty to warn of such a danger. *Dionne* v. *Company,* 76 N. H. 17; *Dobek* v. *Company,* 79 N. H. 360.

The plaintiff relies on *Sevigny* v. *Company,* 81 N. H. 311, as authority to show that the plaintiff was not necessarily at fault for not anticipating the danger and so acting as to avoid it. That case is not in point. It held the plaintiff might not be subject to the assumption of risk rule, and the question then was whether her failure to think was conclusive proof of her contributory negligence as a distinct issue. Whether the plaintiff here was negligent is not the issue under consideration. The inquiry is not how she used her knowledge, but what knowledge she had.

If there is a known danger, inattention to it may or may not be negligence. "One who is injured while voluntarily encountering a known danger can recover if he is free from fault, and the accident would not have happened but for the defendants' failure to perform a duty the law imposed on them for his benefit." *Kambour* v. *Railroad,* 77 N. H. 33, 48, 49. But by the assumption of risk rule no duty is imposed on the master to protect the servant against such a danger, and the servant's inattention to the danger is immaterial. If the rule were qualified so as to apply only when the servant consciously disregards a danger, thus excepting cases where the disregard of the danger lies in inattention to it, the distinction would seem to have no valid basis for its support and would be contrary to authority. *Fontaine* v. *Company,* 76 N. H. 163; *Paige* v. *Company,* 80 N. H. 439.

*Judgment for the defendant.*

All concurred.