Hillsborough,
March 1, 1938.

DOROTHY STONE *v.* MARGARET I. JOHNSON, *Ex'x.*

*William H. Craig, Timothy F. O'Connor, Myer Saidel* and *J. Francis Roche* (*Mr. Roche* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Langdell* orally), for the defendant.

WOODBURY, J. The plaintiff is a practical nurse. Her evidence tended to show that on October 31, 1932, she was employed to care for the defendant's husband who was then very ill. When she reported for duty at seven o'clock in the evening she was met at the street door by both the defendant and her daughter and she was at once taken to an upstairs sitting room where she was served with a light lunch. The plaintiff testified that as she went over the stairs the defendant told her that the stairs were dangerous and cautioned her to be careful if she should have occasion to use them. She also testified that she was told that the light in the upstairs hall was out of order.

About an hour or an hour and a half after she reported for duty she was taken from the sitting-room into the room adjoining where the patient was confined, and she then began her nursing duties. The patient was in a state of coma and the plaintiff said that she informed the defendant and her daughter that in her opinion he would not live through the night. The nature of the plaintiff's duties required that she visit the bathroom at half hour intervals during the evening and she was shown the location of that room and of the switch which controlled its lights. There was a door leading from the hall into the bathroom and the plaintiff testified that if it were open and the bathroom lights on there would be enough light in the hall for one to see one's way. She also testified that upon three occasions during the evening the defendant promised to leave the bathroom light burning throughout the night and that upon one of those occasions again gave warning of the danger of the stairs.

The defendant visited the plaintiff and her patient for the last time at about midnight and then retired to her room to rest. About one o'clock in the morning the patient died and the plaintiff, according to instructions previously given, went out into the hall for the purpose of informing the defendant's daughter. She found the hall dark, the bathroom lights out and the sitting-room lights out. In attempting to grope her way in the darkness through the hall to the daughter's room she fell down the stairs and received the injuries for which she here seeks compensation.

The plaintiff concedes that she cannot maintain this action against the decedent's estate under P. L., c. 302, ss. 9, 10, 11, but contends that she should now be allowed to amend it into an action against the defendant individually. The plaintiff's argument upon this point does not invite consideration because upon the plaintiff's own testimony it is apparent that she cannot recover at all. Under these circumstances we may consider the question of the defendant's individual liability even though she has not been made a party to the action. *Sanborn Seminary* v. *Newton*, 73 N. H. 109.

It is elementary law that a servant assumes the risk of those dangers incident to his employment of which he is informed or which would be disclosed to him by the exercise of ordinary care. Hening, N. H. Dig., Master and Servant, 953. In the case at bar the plaintiff knew that the stairs were dangerous. She testified that she was informed of this fact upon two separate occasions. She also knew when she entered the hall just prior to her fall that it was unlighted. Nevertheless, instead of turning on the light in the sitting

room the location of which she knew, and leaving the door of that room open, which she testified she knew would give her light enough to see her way, she elected to proceed through the hall without light and so to encounter a danger of which she was fully aware.

The case of *English* v. *Amidon*, 72 N. H. 301, relied upon by the plaintiff, is not in point. In that case the plaintiff was held not to have assumed the risk of injury from unlighted stairs as a matter of law because no choice was open to him. He had no control over the lights and he could only leave his employment by going down defective stairs in the darkness. Here there was a choice open to the plaintiff. She could either turn on the lights, or she could proceed without them, or she could stay where she was and call to the defendant or to her daughter, both of whom were within earshot, and ask one of them to provide her with light. Having elected the second of these alternatives with full knowledge of the possible consequences the plaintiff must be held to have assumed the risks which she knew that course of conduct entailed.

The alleged promise of the defendant to leave the lights burning in the bathroom, which findably was not kept, does not in any way affect the situation. She cannot recover on this promise standing alone because no action sounding in tort may be maintained for negligent failure to perform a contract. *Barrett* v. *Company*, 80 N. H. 354. She cannot rely upon this promise to relieve her of the operation of the doctrine of the assumption of the risk because it was not a promise to make a needed repair upon the strength of which she remained at work. *Sevigny* v. *Company*, 81 N. H. 311. There is nothing to show that the promise in any way deceived, misled or even influenced the plaintiff in choosing between the alternatives presented to her. On the contrary the evidence is clear that her choice of the dangerous course was voluntarily made with full knowledge of all the pertinent surrounding circumstances. She was not called upon to act in a sudden emergency, nor was she induced to act quickly by the compulsion of orders suddenly given. *Clairmont* v. *Cilley*, 85 N. H. 1. She had time to choose, and having with full knowledge voluntarily chosen the dangerous course, she cannot be heard to complain of its harmful consequences.

*Judgment for the defendant.*

All concurred.